**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| DARRELL EDEN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:18-cv-00217-JRG-CHS |
| v. | ) ) | **CLASS ACTION** |
| BRADLEY COUNTY, TENNESSEE; | ) | **COMPLAINT PURSUANT TO** |
| SHERIFF ERIC WATSON, in his official and | ) | **42.U.S.C. § 1983** |
| individual capacities; CAPTAIN GABRIEL | ) | |
| THOMAS, in his official and individual | ) | **DEMAND FOR JURY TRIAL** |
| capacities; JOHN DOE, in his official and | ) | |
| individual capacities; JANE DOE, in her official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ANSWER

---

Defendants Bradley County, Tennessee, Eric Watson, and Gabriel Thomas, by and through counsel, file with the Court their Answer to Plaintiff's Class Action Complaint as follows:

In response to the individual allegations of Plaintiff's Class Action Complaint, Defendants answer as follows:

### **INTRODUCTION**

1.      Paragraph 1 fails to make an allegation of fact that can be admitted or denied but rather states a conclusion of law.

2.      In response to paragraph 2, it is admitted that Plaintiff is a former inmate at the Bradley county Jail.

3.      Defendants deny the allegations of paragraph 3.

4.     Defendants deny the allegations of paragraph 4.

5.     Defendants deny the allegations of paragraph 5.

6.     Defendants deny the allegations of paragraph 6.

7.     Defendants deny the allegations of paragraph 7.

8.     Defendants deny the allegations of paragraph 8.

## JURISDICTION AND VENUE

9.     In response to paragraph 9, Defendants do not object to subject matter jurisdiction in this Court.

10.     In response to paragraph 10, Defendants do not object to the Court's supplemental jurisdiction.

11.     In response to paragraph 11, Defendants do not object to venue in this Court.

## PARTIES AND OTHER PERSONS RELEVANT TO THIS ACTION

12.     In response to paragraph 12, it is admitted that Plaintiff Darrell Eden was formerly confined in the Bradley County Jail.  The remaining allegations of paragraph 12 are denied.

13.     Defendants admit the allegations of paragraph 13.

14.     Defendants admit the allegations of paragraph 14.

15.     Defendants admit the allegations of paragraph 15.

16.     Defendants admit the allegations of paragraph 16.

17.     The allegations of paragraph 17 are directed to another party identified in this case and no response is required of these Defendants.

18.     The allegations of paragraph 18 are directed to another party identified in this case and no response is required of these Defendants.

2

19.     In response to paragraph 19, it is admitted that Defendant Watson and Captain Thomas acted within the course and scope of their employment.

## FACTS

### Applicable Facts Concerning the Bradley County Government

20.     Defendants admit the allegations of paragraph 20.

21.     Defendants admit the allegations of paragraph 21.

22.     Defendants admit the allegations of paragraph 22.

23.     In response to paragraph 23, it is admitted that the County Mayor's primary responsibility is financial management. There remaining allegations of paragraph 23 are denied as stated.

24.     Defendants are unable to admit or deny the allegations of paragraph 24 because they do not understand what is meant by "budget, in the aggregate."

25.     In response to paragraph 25, it is admitted that the sheriff is an elected position and that the sheriff's repsonsibilities include the jail.

26.     In response to paragraph 26, it is admitted that the Sheriff of Bradley County is responsible for the policies and procedures regarding the county jail. In further response, it is further admitted that the day to day operation of the jail is carried out by various other county employees.

27.     Defendants admit generally the allegations of paragraph 27.

28.     In response to paragraph 28, the same is denied as alleged. In further response, the Sheriff may have communications with the County Mayor and/or County Commission from time to time regarding budgetary issues.

29.     Paragraph 29 fails to make an allegation of fact but rather states a conclusion of law.  In further response, it appears that paragraph 29 contains an accurate representation of the referenced Code section.

30.     Paragraph 30 fails to make an allegation of fact but rather states a conclusion of law.  In further response, paragraph 30 appears to include an accurate statement of the referenced Code section.

31.     The allegations of paragraph 31 are admitted.

32.     The allegations of paragraph 32 are admitted.

33.     In response to paragraph 33, Defendants admit only that Plaintiffs attached a chart as Exhibit 1 to the Complaint.

### **Applicable Obligations of Counties to Prisoners Under Tennessee Law and Reimbursement for State Prisoner Medical Care**

34.     Paragraph 34 fails to make an allegation of fact but rather states a conclusion of law.

35.     Paragraph 35 fails to make an allegation of fact but rather states a conclusion of law.

36.     Paragraph 36 fails to make an allegation of fact but rather states a conclusion of law.

37.     Paragraph 37 fails to make an allegation of fact but rather states a conclusion of law.

38.     Paragraph 38 fails to make an allegation of fact but rather states a conclusion of law.

39.     Defendants admit the allegations of paragraph 39.

40.     Defendants admit the allegations of paragaph 40.

4

41.     Defendants admit the allegations of paragraph 41.

42.     Defendants admit the allegations of paragraph 42.

43.     Defendants admit the allegations of paragraph 43.

44.     Defendants admit the allegations of paragraph 44.

45.     Defendants admit the allegations of paragraph 45.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 47; however, it is admitted that costs for housing state prisoners are paid to local jails.  In further response, Defendant Bradley County does not contract with the state to house prisoners.

## Capacity of the Jail

48.     Defendants admit the allegations of paragraph 48.

49.     On information and belief, the allegations of paragraph 49 are admitted.

50.     In response to paragraph 50, it is admitted that Bradley County owns the Bradley County Jail and that the jail as built was built to house 408 inmates.

51.     In response to paragraph 51, Defendants do not know what "all times relevant to this lawsuit" means.   In further response, it is admitted that the Bradley County Jail houses federal inmates and state prisoners but it is denied that Bradley County has contracts with the state to house state prisoners.

52.     In response to paragraph 52, it is admitted that housing federal prisoners results in revenue.  Defendants are unable to admit or deny that paragraph 52 is an accurate quote  because the Complaint fails to include a reference source for the same.

5

53.     In response to paragraph 53, it is admitted that there was a new contract with a rate increase.

54.     Defendants admit the allegations of paragraph 54.

55.     Defendants admit the allegations of paragraph 55.

56.     In response to paragraph 56, it is admitted that at various times the Bradley County Jail may have excess or lesser capacity but Defendants lack sufficient information or knowledge to know what Plaintiffs mean by "at all times relevant to this lawsuit."

**Personnel Issues at the BCSO/Jail - Overcrowding, Understaffing, and Lack of Adequate Training**

57.     In response to paragraph 57, the information within the same is not readily available and therefore Defendants are unable to admit or deny the same at this time.

58.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 58. In further respone, paragraph 58 does not include the referenced testimony or include the entirety of the context of the testimony.

59.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 59. In further respone, paragraph 59 does not include the referenced testimony or include the entirety of the context of the testimony.

60.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 60.

61.     Defendants admit the allegations of paragraph 61.

62.     Upon information and belief Defendnats deny the allegaiotns of paragraph 62.

63.     Defendants admit the allegatios of paragraph 63.

64.     Defendants admit the allegations of paragraph 64.

65.     Defendants admit the allegations of paragraph 65.

66.     In response to paragraph 66, it is admitted the average number was estimated at 520.

67.     In response to paragraph 67, it is admitted the average number was estimated as stated.

68.     Defendants lack sufficient information or knowledge to form a belief as to paragraph 68.

69.     The allegations of paragraph 69 are denied.

70.     Defendants lack sufficient information or knowledge to form a belief as to paragraph 70.

71.     Defendants lack sufficient infomration or knoweldge to form a belief as to paragraph 71.

72.     In response to paragraph 72, it is admitted on information and belief that the referenced budget number is accurate as all encompassing and that the salary increases stated are accurate.

73.     Defendants deny the allegations of paragraph 73.

74.     Defendants deny the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

**Medical Care Offered at the Jail by QCHC**

76.     Defendants lack sufficient information or knowledge to form a  belief as to the veracity of the allegations of paragraph 76.  In further response, QCHC provides medical care at the Bradley County jail.

77.     The allegations of paragraph 77 are admitted except that it is not known if the amount stated is accurate.

78.     In response to paragraph 78, the referenced document speaks for itself.

79.     The allegations of paragraph 79 are admitted except that the HAS does not have the emphasis as set forth in the complaint.

80.     Defenadnts admit the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     The allegations of paragraph 82 are admitted but only for the referenced contract of 2013.

83.     The allegations of paragraph 83 are admitted but only for the referenced contract of 2013.

84.     Defendants admit the allegations of paragraph 84.

85.     Defendants admit the allegations of paragraph 85 for 2013 through 2017 but are unable at this time to admit or deny as to 2012-2013.

86.     In response to paragraph 86, it is admitted the HSA limits the amounts paid by QCHC but does not limit treatment or amounts that may ultimately be owed for treatment.

87.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 87.

88.     In response to paragraph 88, it is admitted that bid proposals were sought and that QCHC was chosen.

89.     Defendants admit the allegations of paragraph 89.

90.     Defendants are unable to admit or deny the allegations of paragraph 90 at this time.

91.     Defendants admit the allegations of paragraph 91.

92.     In response to paragraph 92, it is admitted the referenced topics were discussed in general.

93.     Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 93.

94.     Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 94.

95.     In response to paragaph 95, it is admitted that jail inmates have co-pays to be paid if funds are available, but deny that such payment is a prerequisite for medical care.  It is denied inmates are taken for emergency room care by police vehicle.

96.     In response to paragraph 96, it is admitted ambulances were previously located at the jail.

97.     Defendants deny the allegations of paragraph 97 as stated.

98.     In response to paragraph 98, Defendants are uncertain as to the meaning of "principally staffed" but admit that the jail is staffed by LPNs and an RN on a full-time basis.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    In response to paragraph 102, it is admitted that family members have complained.

## Public Service Record of Eric Watson Prior to His Election as  Sheriff of Bradley County

103.    Defendants admit the allegations of paragraph 103.

104.    Defendants admit the allegations of paragraph 104.

105.    Defendants admit the allegations of paragraph 105.

9

106.    Defendants admit the allegations of paragraph 106.

107.    Defendants admit the allegations of paragraph 107.

108.    Defendants deny the allegations of paragraph 108.

109.    Defendants deny the allegations of paragraph 109.

**Law Enforcement and Corrections Credentials of Gabe Thomas**

110.    Defendants admit the allegations of paragraph 110.

111.    Defendants admit the allegations of paragraph 111.

**Eric Watson's Election as Sheriff and Immediate Policy Changes**

112.    Defendants admit the allegations of paragraph 112.

113.    Defendants deny the allegations of paragraph 113.

114.    Defendants admit the substance of the statements in paragraph 114.

115.    In response to paragraph 115, it is admitted that Defendant Watson planned on improvements to fix the roof, update the kitchen, and update the video surveillance.

116.    Defendants admit the allegations of paragraph 116.

117.    Defendants admit the allegations of paragraph 117 for the year of increase.

118.    In response to paragraph 118, it ias aadmitted that Defendant Watson was committed to improvement without the necessity of a tax increase.

119.    Defendants deny the allegations of paragraph 119 as alleged.

120.    Defendants deny the allegations of paragraph 120 as alleged.

121.    Defendants admit the allegations of paragraph 121.

**Recurring Issues in the Bradley County Jail During Defendant Watson's Tenure (and After) – Failed TCI Inspections, Overcrowding, Jail Refusal of Arrestees, and Prisoner Injuries, Untreated Illnesses, Deaths, and Lawsuits**

122.    Defendants deny the allegations of paragraph 122.

123.     Defendants deny the allegations of paragraph 123 as alleged.

124.     Defendants object to the allegations of paragraph 124 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

125.     Defendants object to the allegations of paragraph 125 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

126.     Defendants object to the allegations of paragraph 126 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

127.     Defendants object to the allegations of paragraph 127 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

128.     Defendants object to the allegations of paragraph 128 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

129.     Defendants object to the allegations of paragraph 129 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

130.     Defendants object to the allegations of paragraph 130 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

131.     Defendants object to the allegations of paragraph 131 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

132.     Defendants lack sufficient information or knowledge to either admit or deny the allegations of paragraph 132.

133.     Defendants object to the allegations of paragraph 133 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

134.     Defendants object to the allegations of paragraph 134 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

135.     Defendants object to the allegations of paragraph 135 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

136.     Defendants deny the allegations of paragraph 136 as stated.

137.     Defendants deny the allegations of paragraph 137 as stated but admit that Mayor Davis recevied a copy of the TCI correspondence.

138.     Defendants deny the allegations of paragraph 138 as alleged.

139.     In response to paragraph 139, it is admitted that at times the jail was overcrowded.

140.     In response to the allegations of paragraph 140, it is admitted that inmates were not in writing acknowleding receipt of the referenced material.

141.     Defendants deny the allegations of paragraph 141 as alleged.

142.     In response to paragraph 142, the referenced report speaks for itself.  In further response, however, it is averred that the referenced report stated a preference as opposed to a standard.

143.     In response to the allegations of paragraph 143, it is admitted that inmates were not acknowleding the same in writing.

144.     In response to paragraph 144, the referenced report speaks for itself but on information and knowledge the allegations of the same are admitted.

145.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 145.

146.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 146.  In further response, recommendations have been made, which are separate from a standard.

147.     The allegations of paragraph 147 are denied.

148.　The allegations of paragraph 148 are denied as stated.

149.　In response to paragraph 149, it is admitted that Commissioner Rawls addressed the stated issues although Defendants lack sufficient information or knowledge to admit or deny the specific statements in paragraph 149.

150.　Defendants deny the allegations of paragraph 150 as alleged.

151.　Defendants object to the allegations of paragraph 151 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

152.　Defendants object to the allegations of paragraph 151 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

153.　In response to paragraph 153, it is admitted that the jail was inspected on or about the time referenced and that prior issues had been corrected.

154.　The allegations of paragraph 154 are admitted.

155.　The allegations of paragraph 155 are denied.

156.　The allegations of paragraph 156 are admitted as it relates to maintenance.

157.　The allegations of paragraph 157 are admitted.

158.　Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 158.

159.　The allegations of paragraph 159 are denied.

160.　Defendants are unable to admit or deny the allegations of paragraph 160.

161.　The allegations of paragraph 161 are denied.

162.　Defendants are unable to admit or deny the allegations of paragraph 162.

163.　The allegations of paragraph 163 are denied.

164.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 164.

165.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 165.

166.     The allegations of paragraph 166 are admitted as it relates to Mr. Hudgins having an injury that required medical treatment prior to him being booked into the jail.  In further response, Defendants object to paragraph 166 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

167.     In response to paragraph 167, it is admitted that Mr. Hudgins was not booked into the jail based on what appeared to be a need for medical treatment in advance of the same. Defendants lack sufficient information or knowledge at this time to form a belief as to what information was provided to Lt. Edwards.  In further response, Defendants object to paragraph 167 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

168.     In response to the allegations of paragraph 168, Defendants lack sufficient information or knowledge to form a belief as to what the CPD believed.

169.     In response to paragraph 169, it is admitted that the referenced meeting occurred although Defendants are unable to admit or deny at this time that the quoted portion of the policy is accurate.

170.     In response to paragraph 170, Defendants are unable to admit or deny the same at this time.

171.     The allegations of paragraph 171 are denied.

172.     The allegations of paragraph 172 are denied.

173.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of paragraph 173.

174.    The allegations of paragraph 174 are denied.

175.    The allegations of paragraph 175 are admitted.

176.    In response to paragraph 176, it is admitted that during the presentation medical costs were discussed although the specific amounts are not known.

177.    In response to paragraph 177, it is admitted only that Dan Gilley left a position he held with the jail.  It is denied that Mr. Gilley was the director of the jail.

178.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 178.

179.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 179.

180.    In response to paragraph 180, it is admitted that these issues were addressed but it is not known which meeting is being referenced.

181.    In response to paragraph 181, it is admitted that Commissioner Rawls addressed the stated issues although Defendants lack sufficient information or knowledge to admit or deny the specific statements in paragraph 181.

182.    In response to paragraph 182, it is admitted that Commissioner Rawls addressed the stated issues although Defendants lack sufficient information or knowledge to admit or deny the specific statements in paragraph 182.

183.    Defendants are unable to admit or deny the allegations of paragarph 183.

184.     In response to paragraph 184, it is admitted that Commissioners addressed the stated issues although Defendants lack sufficient information or knowledge to admit or deny the specific statements in paragraph 184.

185.     Defendans are unable to admit or deny the allegaitons of paragraph 185.

186.     On information and belief the allegations of paragraph 186 are admitted.

187.     In response to paragraph 187, it is admitted that the workhouse opened as stated but it is denied that it contained 127 additional beds to what already existed at the jail.

188.     Defendants deny the allegations of paragraph 188.

189.     Defendants deny the allegations of paragraph 189 as alleged.  In further response, it is admitted the jail received certification for the referenced year.

190.     In response to the allegations of paragraph 190, it is admitted the improvements at the jail occurred and were noted.

191.     Defendants admit the allegations of paragraph 191.

192.     Defendants admit the allegations of paragraph 192.

193.     In response to paragraph 193, it is admitted that Steve Lawson resigned his position.

194.     In response to paragraph 194, it is admitted that political candidate Lawson was critical of his political opponent.

195.     In response to paragraph 195, it is admitted that political candidate Lawson was critical of his political opponent.

196.     In response to the allegations of paragraph 196, it is admitted that Brian Smith and Arnold Botts resigned.

197.     Defendants are unable to admit or deny paragraph 197 at this time.

198.     In response to paragraph 198, it is admitted that there was an inspection in February 2018.

199.     Defendants admit the allegations of paragraph 199.

200.     Defendants are unable to admit or deny the allegations of paragraph 200 at this time.

201.     Defendants are unable to admit or deny the allegations of paragraph 201 at this time with the exception of the allegation that stacked beds were to be purchased, which is denied.

202.     Defendants are unable to admit or deny the allegations of paragraph 202 at this time.

203.     Defendants are unable to admit or deny the allegations of paragraph 203 at this time.

204.     Defendants admit the allegations of paragraph 204.

205.     In response to paragraph 205, the same is denied as alleged although it is admitted that requests were made for transfers.

206.     In response to paragraph 206, it is admitted TDOC initially denied having received the requests but that such denial was in error.

207.     Defendants deny the allegations of paragraph 207 as alleged.

208.     In response to paragraph 208, it is denied that TDOC contacted Defendant Watson but it is admitted there was a prisoner transfer.

209.     On information and belief, the allegations of paragraph 209 are admitted.

210.     In response to paragraph 210, it is denied that the prisoners were transported without safety precautions being taken, which included all points restraint, multiple officers being present, as well as a K-9 unit being present.

211.    The allegations of paragraph 211 are denied as alleged.

212.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 212.  In furthre response, these were general discussion in the context of an election contest.

213.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 213.  In furthre response, these were general discussion in the context of an election contest.

214.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 214.  In furthre response, these were general discussion in the context of an election contest.

215.    In response to paragraph 215, the referenced group was a polictical action committee campaining against Defendant Watson and on behalf of now Defendant Watson.  In further response, it is admitted that the referenced group made complaints on social media about Defendant Watson.

216.    The allegations of paragraph 216 are denied.

217.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 217.

218.    The allegations of paragraph 218 are admitted.

219.    The allegations of paragraph 219 are admitted in substance but the statement must be placed in context.

220.    The allegations of paragraph 220 are admitted in substance but the statement must be placed in context.

221.     Defendants lack sufficient information or knowledge to form a belief as to the pargraph 221.

222.     The allegations of paragraph 222 are admitted.

223.     In response to the allegations of paragraph 223, it is admitted that a portion of the same includes what appears to be a press release.

224.     Defendants deny the allegations of paragraph 224.

225.     The allegations of the substance within the statements in paragraph 225 are admitted.

226.     In response to the allegations of paragraph 226, it is admitted that an inmate died in April 2018 and that paragraph 226 contains a partial quote within an article from the Cleveland Daily Banner.

227.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 227.

228.     Defendants deny the allegations of paragraph 228.

229.     Defendants admit the allegations of paragraph 229.

230.     Defendants admit the allegations of paragraph 230.

231.     Defendants lack sufficieint information or knowledge to form a belief as to the allegations of paragraph 231.

232.     In response to the allegations of paragraph 232, it is admitted the jail was put on lockdown.

233.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 233.

234.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 234.

235.     Defendants lack sufficient information or knowledge to form a belief as to the the allegations of paragraph 235.

236.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 236.

237.     Defendants deny the allegations of paragraph 237.

238.     Defendants admit the allegations of paragraph 238.

239.     In response to the allegations of paragraph 239, it is admitted there was a fight with an inmate being airlifted.

240.     The allegations of paragraph 240 are denied as alleged.

241.     In response to the allegations of paragraph 241, it is admitted there was a death in the jail.  The remaining allegations are denied.

242.     The allegations of paragraph 242 are denied as alleged but it is admitted that funds were returned as alleged.

243.     In response to paragraph 243, it is admitted that a sweep was ordered and that contraband was found.

244.     Defendants are unable to admit or deny paragraph 244 at this time.

245.     Defendants are unable to admit or deny paragraph 245 at this time.  In further repsonse, however, paragraph 245 appears to be in conflict with the allegations of paragraph 244.

246.     The allegations of  paragraph 246 are believed to be correct with the exception of not knowing whether or not the designation of "top priorities" is accurate.

247.     Upon information and belief the allegations of paragraph 247 are admitted.

248. In response to paragraph 248, it is admitted that an inmate died in September 2018.

249. The allegations of paragraph 249 are denied as alleged.

250. In response to paragraph 250, upon information and belief no additional releases have been made.

251. Defendants object to paragraph 251 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

**Defendant Watson's Tenure was Marked by Controversy and
Allegations of Wrongdoing and Criminality**

252. The allegations of paragraph 252 are denied as alleged. Defendants object to paragraph 252 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*. In further response, Defendant Watson received recognition from federal, state, and local governments for job performance as well as from the Tennessee Comptroller.

253. Defendants deny the allegations of paragraph 253. In further response, Defendants object to paragraph 253 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

254. In response to paragraph 254, it is admitted Defenadnt Watson's wife became a bail bondsman. The remaining allegations of paragraph 254 are denied. In further response, Defendants object to paragraph 254 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

255. In response to the allegations of paragraph 255, it is admitted that Defendant Watson he denied any wrongdoing and further admitted that he did anything wrong. It is further admitted that Defendant Watson's wife was successful in her job. In further response,

Defendants object to paragraph 255 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

256.    Defendants deny the allegations of paragraph 256.    In further response, Defendants object to paragraph 256 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

257.    Defendants deny the allegations of paragraph 257.    In further response, Defendants object to paragraph 257 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

258.    Defendants deny the allegations of paragraph 258.    In further response, Defendants object to paragraph 258 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

259.    Defendants deny the substance of the allegations of paragraph 259.    Defendants lack information or knowledge as to the alleged whistleblower.    In further response, Defendants object to paragraph 259 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

260.    Defendants are unable to admit or deny paragraph 260 at this time.    In further response, Defendants object to paragraph 260 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

261.    In response to the allegations of paragraph 261, it is admitted that Defendant Watson requested that Ms. Anderson be escorted to the sally port.    The remaining allegations of paragraph 261 are denied.    In further response, Defendants object to paragraph 261 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

262.    The allegations of paragraph 262 are admitted.    In further response, Defendants object to paragraph 262 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

263. The allegations of paragraph 263 are admitted. In further response, it is averred that Mr. Lipps had multiple warrants, including from jursidictions outside Bradley County. In further response, Defendants object to paragraph 263 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

264. In response to paragraph 264, it is admitted that Defendant Watson was driving an unmarked BCSO Tahoe with his wife and dressed as he was because he was returning from an out of town trip while participating in the search for Mr. Lipps. In further response, Defendants object to paragraph 264 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

265. In response to paragraph 265, it is admitted that Defendant Watson pulled over a vehicle he believed was suspicious, that he had his gun drawn and that he made the driver get out of the car. It is further admitted that there is a limited and edited video at the site referenced in paragraph 265. In further response, Defendants object to paragraph 265 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

266. In response to the allegations of paragraph 266, it is admitted that Mr. Lipps was ultimately arrested although Defendnat Watson was not present at that time. It is further admitted that on information and belief Mr. Lipps was bitten but a K-9 but it is denied that he was pummeled. In further response, Defendants object to paragraph 266 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

267. Defendants admit the allegations of paragraph 267. In further response, all such counts and charges against Defendant Watson were dismissed. In further response, Defendants object to paragraph 267 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

268.    In response to paragraph 268, it is admitted an audit was performed, which cleared without any impropriety.   In further response, Defendants object to paragraph 268 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

269.    In response to paragraph 269, it is admitted that an investigation occurred and further on information and belief cleared and resolved.   In further response, Defendants object to paragraph 269 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure.*

## Allegations Specific to Plaintiff and Putative Class Representative Darrell Eden

270.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 270.

271.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 271.

272.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 272.

273.    In response to paragraph 273, it is admitted that on September 19, 2017, Plaintiff consumed intoxicants.

274.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 274.

275.    In response to the allegations of paragraph 275, it is admitted on information and belief that Plaintiff wrecked his automobile as the result of being under the influence of intoxicants.

276.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 276.

277.    Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 277.

278.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of the first sentence of paragraph 278 except that it is admitted on information and belief that Plaintiff was arrested as stated.

279.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 279.

280.    Defendants lack sufficieint information or knowledge to form a bleief as to the allegations of paragraph 280.

281.    Defendants lack sufficieint information or knowledge to form a bleief as to the allegations of paragraph 281.

282.    Defendants lack sufficieint information or knowledge to form a bleief as to the allegations of paragraph 282.

283.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 283.

284.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 284 in that the same to an extent call for a medical conclusion and opinion.

285.    Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 285, but such actions would be consistent with jail protocol.

286.    On information and belief Defendants deny the allegations of paragraph 286.

287.    On information and belief Defendants deny the allegations of paragraph 287.

288.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 288.

289.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 289.

290.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 290 as to what was specifically told to Mrs. Eden.

291.     Defendants lack sufficient information or knowledge to form a belief as to the allegations of paragraph 291 as to what Plaintiff believed or as it relates to his background.

292.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 292 as to what Plaintiff believed.

293.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 293.

294.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 294.

295.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 295 at this time.

296.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 296 at this time.

297.     Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 297 at this time.

298.     Defendants lack sufficient infomration or knowledge to form a belief as to the veracity of the allegations of paragraph 298 at this time.

299. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 299 at this time.

300. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 300.

301. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 301.

302. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 302.

303. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 303.

304. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 304 at this time.

305. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 305.

306. In response to paragraph 306, on information and belief, Plaintiff was released from the jail.

307. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 307 at this time.

308. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 308 at this time although it is admitted that Plaintiff would have been fingerprinted as required.

309. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 309.

310. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 310.

311. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 311.

312. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 312.

313. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 313.

314. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 314.

315. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 315.

316. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 316.

317. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 317.

318. In response to paragraph 318, on information and belief it is admitted that the criminal charges against Plaintiff were ultimately dismissed.

## CLASS ALLEGATIONS

319. Paragraph 319 fails to make an allegation of fact but rather makes a statement of law. In further support, Defendants deny and dispute that a Class Action is appropriate or that Plaintiff has satisfied the legal requirements for the same.

320.     In response to paragraph 320, the first sentence of the same fails to make an allegation of fact but rather states a conclusion.  Defendants deny the remaining allegations of paragraph 320.

321.     The allegations of paragraph 321 are denied as alleged.

322.     The allegations of paragraph 322 are denied as alleged.

323.     Paragraph 323 fails to make an allegation of fact. In further response, Defendants deny that Class Action status is appropriate in this matter.

324.     Defendants deny the allegations of paragraph 324.

325.     Defendants deny the allegations of paragraph 325.

326.     Defendants deny the allegations of paragraph 326.

327.     Defendants deny the allegations of paragraph 327.

328.     Defendants deny the allegations of paragraph 328.

329.     Defendants deny the allegations of paragraph 329.

330.     Defendants deny the allegations of paragraph 330.

**CAUSES OF ACTION**
**Count I:   42 United  States Code Section 1983 – Violations of the Eighth and Fourteenth Amendments to the United States Constitution**
**(as to Bradley County, Defendant Watson, in his official and individual capacities, Captain Thomas, in his official and individual capacities, and John and Jane Doe, in their official and individual capacities)**

331.     Defendants incorporate by reference their answers to paragraphs 1-330 above as if set out verbatim herein.

332.     Defendants deny the allegations of paragraph 332.

333.     In response to paragraph 333, Defendants are unable to admit or deny the same based on the uncertainty as to the meaning of the phrase "at all times relevant hereto."  In further

response, it is admitted that at various times referenced in the Complaint, Defendants Watson and Thomas acted within the course and scope of their employment.

## Bradley County's Violation of Mr. Eden's Constitutional Rights

334. Paragraph 334 fails to make an allegation of fact but rather states a conclusion of law.

335. Defendants deny the allegations of paragraph 335.

336. Defendants deny the allegations of paragraph 336.

337. Paragraph 337 makes allegations of fact against the John Doe and Jane Doe Defendants and therefore no response is required of these Defendants.

338. Defendants deny the allegations of paragraph 338.

339. Defendants deny the allegations of paragraph 339.

340. Defendants deny the allegations of paragraph 340.

341. Defendants deny the allegations of paragraph 341.

342. Defendants deny the allegations of paragraph 342.

343. Defendants deny the allegations of paragraph 343.

## Failure to Train and/or Supervise

344. Defendants deny the allegations of paragraph 344.

345. Defendants deny the allegations of paragraph 345.

346. Defendants deny the allegations of paragraph 346.

347. Defendants deny the allegations of paragraph 347.

348. Defendants deny the allegations of paragraph 348.

349. Defendants deny the allegations of paragraph 349.

350. Defendants deny the allegations of paragraph 350.

351.     Defendants deny the allegations of paragraph 351.

352.     Defendants deny the allegations of paragraph 352.

**Existence of a Custom of Tolerance or Acquiescence of Federal Rights Violations**

353.     Defendants deny the allegations of paragraph 353.

354.     Defendants deny the allegations of paragraph 354.

355.     Defendants deny the allegations of paragraph 355.

356.     Defendants deny the allegations of paragraph 356.

357.     Defendants deny the allegations of paragraph 357.

358.     Defendants deny the allegations of paragraph 358.

**Liability of John Doe and Jane Doe Under Section 1983**

359.     Defendants deny the allegations of paragraph 359.

360.     Defendants deny the allegations of paragraph 360.

361.     Defendants deny the allegations of paragraph 361.

362.     Defendants deny the allegations of paragraph 362.

363.     Paragraph 363 makes allegations against John Doe and Jane Doe and therefore no response is required of these Defendants.

**Liability of Defendant Watson and Captain Thomas Under Section 1983**

364.     Defendants deny the allegations of paragraph 364.

365.     Defendants deny the allegations of paragraph 365.

366.     Defendants deny the allegations of paragraph 366.

367.     In response to paragraph 367, it is admitted that Defendants Watson and Thomas had authority over the jail.

368.     The allegations of paragraph 368 are denied as alleged.

369. In response to paragraph 369, the terms of the HAS speak for themselves.

370. In response to paragraph 370, it is admitted that document completion and overcrowding were identified issues.

371. Defendants deny the allegations of paragraph 371.

372. Defendants deny the allegations of paragraph 372.

373. Defendants deny the allegations of paragraph 373.

## Count II: Willful and Wanton Coduct and/or Gross Negligence

**(as to Bradley County, Defendant Watson, in his official capacity and individual capacities, Captain Thomas, in his official and individual capacities, and John and Jane Doe, in their official and individual capacities)**

374. Defendants incorporate by reference their answers to paragraphs 1 – 373 above as if set out verbatim herein.

375. Paragraph 375 fails to make an allegation of fact but rather states a conclusion of law.

376. Defendants are not able to admit or deny the allegations of paragraph 376 as the same fails to provide a definition of "at all times relevant to this action." In further response, at various times as referred to in this Complaint, Defendants Watson and Thomas acted within the course and scope of their employment.

377. Defendants deny the allegations of paragraph 377.

378. Defendants deny the allegations of paragraph 378.

379. Defendants deny the allegations of paragraph 379.

380. Defendants deny the allegations of paragraph 380.

381. Defendants deny the allegations of paragraph 381.

382. Defendants deny the allegations of paragraph 382.

383. Defendants deny the allegations of paragraph 383.

384. Defendants deny the allegations of paragraph 384.

385. Defendants deny the allegations of paragraph 395.

## Count III:  Negligence – Ordinary Negligence, Negligence *Per Se,* Negligent Training and Supervision

**(as to Bradley County, Defendant Watson, in his official capacity and individual capacities, Captain Thomas, in his official and individual capacities, and John and Jane Doe, in their official and individual capacities)**

386. Defendants incorporate by reference their answers to paragraphs 1 – 385 above as if set out verbatim herein.

387. Defendants are not able to admit or deny the allegations of paragraph 387 as the same fails to provide a definition of "at all times relevant to this action."  In further response, at various times as referred to in this Complaint, Defendants Watson and Thomas acted within the course and scope of their employment.

388. Paragraph 388 fails to make an allegation of fact but rather states a conclusion of law.

389. Paragraph 389 fails to make an allegation of fact but rather states a conclusion of law.  In further response to paragraph 389, it is admitted that adequate medical treatment as warranted and required is to be provided to inmates confined in jail.

390. Defendants deny the alleagtions of paragraph 390.

391. Defendants deny the allegations of paragraph 391.

392. Defendants deny the allegations of paragraph 392.

393. Defendants deny the allegations of paragraph 393.

394. Defendants deny the allegations of paragraph 394.

395. Defendants deny the allegations of paragraph 395.

396.    Defendants deny the allegations of paragraph 396.

397.    Defendants deny the allegations of paragraph 397.

## Count IV:  Punitive Damages

**(as to Bradley County, Defendant Watson, in his official capacity and individual capacities, Captain Thomas, in his official and individual capacities, and John and Jane Doe, in their official and individual capacities)**

398.    Defendants incorporate by reference their answers to paragraphs 1 – 397 above as if set out verbatim herein.

399.    Defendants deny the allegations of paragraph 399.

400.    Defendants deny the allegations of paragraph 400.

401.    Defendants deny the allegations of paragraph 401.

402.    Defendants deny the allegations of paragraph 402.

403.    Defendants deny the allegations of paragraph 403.

404.    Defendants deny the allegations of paragraph 404.

405.    Defendants deny the allegations of paragraph 405.

406.    And all other allegations not specifically admitted, denied, or otherwise explained be and the same are hereby denied.

## FIRST DEFENSE

Plaintiff's Complaint or portions of the Complaint fail to state a claim upon which relief can be granted.  Plaintiff's Complaint is in violation of Rule 8 of the *Federal Rules of Civil Procedure*, which provides that a pleading shall set forth a short and plain statement of Plaintiff's claim.  Plaintiff's Complaint is in excess of 400 paragraphs and contains confusing, misleading, and incomplete facts and allegations.  Plaintiff's Complaint is further in violation of Rule 12(f) of the *Federal Rules of Civil Procedure* in that it contains statements that are redundant, immaterial,

impertinent, or of a scandalous nature. Plaintiff's Complaint further fails to clearly and definitively state how Defendants Watson and Thomas are individually liable or responsible and therefore all claims against them in their individual capacity must be dismissed.

## SECOND DEFENSE

To the extent that Plaintiff has relied upon vicarious liability for any causes of action based upon 42 U.S.C. § 1983 or other civil rights claims, vicarious liability, including *respondeat superior* is not applicable to said civil rights causes of action, and any causes of action based upon any form of vicarious liability should be dismissed.

## THIRD DEFENSE

Defendants are not liable or responsible for alleged violations of the Eighth Amendment and Defendants deny there were violations of Plaintiff's Eighth Amendment rights. Defendants did not act with deliberate indifference to any serious medical need of Plaintiff and therefore cannot be held liable for any alleged denial of medical care in violation of the Eighth Amendment to the United States Constitution.

## FOURTH DEFENSE

Defendant Bradley County is a governmental entity and the claims against Eric Watson and Gabe Thomas constitute a suit against Bradley County. Punitive damages are not recoverable from a Bradley County, a governmental entity, in a § 1983 action to the extent claimed in this litigation.

## FIFTH DEFENSE

Defendants rely upon all common law and statutory immunity provisions, including, but not limited to the immunity provisions of the Tennessee Governmental Tort Liability Act Tenn.

Code Ann. § 29-20-201 *et seq.*, including without limitation, the applicable exceptions to removal of immunity under Tenn. Code Ann. § 29-20-205.

## SIXTH DEFENSE

All or portions of Plaintiff's claims are barred by other forms and versions of immunity including good faith immunity, common-law immunity, and sovereign immunity, all of which are specifically plead and relied upon by Defendants to include any and all limits and defenses available pursuant to Tenn. Code Ann. § 8-8-303. Defendant Watson relies upon the immunity provisions of T.C.A. § 8-8-301.

## SEVENTH DEFENSE

Plaintiff's claims are subject to the Tennessee Health Care Liability Act and Plaintiff failed to comply with the requirements of Tenn. Code Ann. §§ 29-26-121 and 122.

## EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages as Defendants did not act in a manner sufficient to give rise to the same.

## NINTH DEFENSE

Defendants deny that Plaintiff has satisfied or can satisfy the requirements of Rule 23 of the *Federal Rules of Civil Procedure* regarding class action and class status. Defendants, without assuming the burden of proof, deny that the class is so numerous that joinder of all members is impracticable, deny there are common questions of law or fact to the class, deny the claims or defenses of the representative parties are typical of the claims or defenses of the class and deny that the representative party will fairly and adequately protect the interest of the class. It is further denied and disputed that Plaintiff has met, satisfied, or can meet or satisfy the obligations of Rule 23(b) of the *Federal Rules of Civil Procedure*. Therefore, Plaintiff's prayer

for class certification must be denied. Defendants further dispute and deny that Plaintiff has standing to obtain any recovery for the ostensible class to specifically include but not necessarily be limited to injunctive relief.

### TENTH DEFENSE

Defendants deny they were negligent in any manner as alleged and set forth in Plaintiff's Complaint and further deny that Plaintiff is entitled to the recovery of any damages from them. Defendants further deny that Plaintiff is entitled to damages for gross negligence or willful or wanton conduct. Defendants pray that all such claims be denied and dismissed. Further, Defendants assert and raise the comparative negligence and actions of Plaintiff as being the proximate cause of his alleged injuries. Pursuant to his comparative negligence Plaintiff is not entitled to the relief prayed for in his Complaint or alternatively any recovery Plaintiff may have must be reduced based on his comparative negligence.

### ELEVENTH DEFENSE

Plaintiffs are not entitled to an award of pre-judgment interest and/or attorney's fees on certain causes of action set forth in their Complaint, to include but not specifically be limited to all claims for negligence and gross negligence.

### TWELFTH DEFENSE

Defendant denies that Plaintiff's Complaint fails to properly and sufficiently identify a policy or custom connected to Bradley County that has caused or resulted in a Constitutional deprivation or injury. Therefore, Plaintiff's claims for custom or policy violations must be dismissed.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By:    <u>/s/ B. Thomas Hickey, Jr.</u>
        B. Thomas Hickey, Jr.
        Attorney for Defendants
        537 Market Street – Suite 203
        Chattanooga, TN 37402-1241
        P: (423) 756-0262
        F: (423) 756-8489
        bth@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2018, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Joseph Alan Jackson, II
Spears, Moore, Rebman & Williams P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402
JAJ@smrw.com

Christian Scott Johnson
Spears, Moore, Rebman & Williams P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402
csj@smrw.com

William J Rieder
Spears, Moore, Rebman & Williams P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402
wjr@smrw.com

J Allen Murphy, Jr.
Law Office of J. Allen Murphy, Jr.
3555 Keith Street NW, Suite 213
Cleveland, TN 37312
allen@jallenmurphy.com


**SPICER RUDSTROM, PLLC**

BY:     /s/ B. Thomas Hickey, Jr.