# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DARRELL EDEN, ESTATE OF BRANDON GASH, b/n/k HARRY GASH AND SHERYL GASH, and AVERY L. SHARP, on behalf of themselves and all others similarly situated,<br><br>              Plaintiff,<br><br>vs.<br><br>BRADLEY COUNTY, TENNESSEE; SHERIFF ERIC WATSON, in his official and individual capacities; CAPTAIN GABRIEL THOMAS, in his official and individual capacities; JOHN DOE, in his official and individual capacities; JANE DOE, in her official and individual capacities,<br><br>              Defendants. | Case No.: 1:18-cv-00217-CHS<br><br>**CLASS ACTION**<br><br>**COMPLAINT PURSUANT TO 42 U.S.C. 1983**<br><br>**DEMAND FOR JURY TRIAL** |

## MOTION TO AMEND PURSUANT TO RULES 15(a) AND 15(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Come plaintiffs, Darrell Eden, the Estate of Brandon Gash, b/n/k Harry and Sheryl Gash ("Estate of Gash"), and Avery L. Sharp, on behalf of themselves and all others similarly situated, through counsel, and, pursuant to Rules 15(a)(2) and (d), respectfully request that this Honorable Court permit grant them leave to amend and file the First Amended and Supplemental Class Action Complaint ("Proposed Amended Complaint"), submitted herewith.

### I. BACKGROUND

On February 21, 2021, plaintiffs filed a motion requesting the court grant leave for the Estate of Gash and Mr. Sharp to intervene as named plaintiffs and class representatives in the

above-captioned action. (*See* Mot. to Intervene of Avery Sharp and Estate of Brandon Gash, b/n/k Harry Gash and Sheryl Gash [72] ("Motion to Invtervene").)

On April 26, 2021, the Court held a hearing on the matter, granted the Motion to Intervene, further stated that plaintiffs would be permitted to amend their complaint, and memorialized those rulings in the Second Amended Scheduling Order for Phase One Discovery Prior to Class Certification [83] ("Second Amended Scheduling Order"), in which it also (1) ordered that "[a]ll motions for amendments to pleadings and joinder of parties must be filed no later than **May 17, 2021**," and, in connection with plaintiffs' request to name additional plaintiffs, ordered that the pre-certification fact discovery be extended. (*Id.* at 2.)

Pursuant to that Order, plaintiffs now respectfully seek leave to further amend their pleadings in the above-captioned matter as follows:

1. Add as named plaintiffs and class representatives the following persons: (a) Randy Bacon, (b) the Estate of Christopher Brown, through personal representative Paula Rhea Brown, (c) the Estate of Martin Chouinard, through administrator *ad litem* April Hancock, (d) Sandra Culbertson, (e) the Estate of Denise Culpepper, through personal representative April Richard, (f) Laura Fuller, (g) Amanda Lennie, (h) Benjamin Newton Hannah, (i) Shelby Long, (j) Tera Miller, (k) Bryan Wampler, (l) Sharon Waters, (m) Chelsea Coulter, (n) Kendra Mickel, and (o) Zachary Guinn;

2. Substitute as named defendants Sheriff Steve Lawson and Captain Jerry Johnson, in their official capacities;

3. To expressly incorporate "affirmative policy or custom" and "systemic conditions" allegations of deliberate indifference and/or *Monell* liability;

2

4. Add factual allegations concerning matters learned through discovery and that have occurred since the Class Action Complaint [1] ("Complaint") was filed; and

5. Modify the existing class definition and assert an additional putative class related to conditions of confinement.

## II. LAW AND ANALYSIS

### a. Rule 15 Authorizes Amendment to Add Putative Class Members as Named Plaintiffs to a Pending Class Action[1]

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to seek leave to amend its pleading once it may no longer do so as a matter of course and provides that a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Similarly, a party may seek to file a supplemental pleading that, *inter alia*, includes new parties pursuant to Rule 15(d) at "any time," and such applications are "normally granted." *Adams & Boyle, P.C. v. Slatery*, 455 F. Supp. 3d 619, 625 (M.D. Tenn. 2020) (internal quotation marks omitted).

Courts have routinely authorized the addition of named plaintiffs to pending putative class actions pursuant to Rule 15(a). *See, e.g.*, *See Lefevre v. Connexions, Inc.*, No. 3:13–CV–1780–D, 2014 WL 101998, at *1 (N.D. Tex. Jan. 8, 2014) (permitting putative class action plaintiff to add parties prior to expiration of deadline set forth in scheduling order pursuant to Rule 15(a)(2));

---

[1] Similarly, Rule 20(a) of the Federal Rules of Civil Procedure provides that plaintiffs may be joined in a single action if, *inter alia,* (1) their rights to relief arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences, or (2) a question of law or fact common to all arises in the action. *See Long v. Diamond Dolls of Nevada, LLC*, No. 319-CV-00652-LRH-CLB, 2020 WL 476363, at *2 (D. Nev. Jan. 29, 2020). "Claims arising from a systematic pattern of events may satisfy the same transaction or occurrence requirement of Rule 20." *Id.* at *3. In addition, while courts must assure that permissive joinder comports with the principles of fundamental fairness, to promote judicial economy, and reduce inconvenience, delay, and added expense, the "joinder rule is to be construed liberally in order to "entertain the broadest scope of action consistent with fairness to the parties." *Id.* (internal quotation marks omitted)). Similarly, Rule 21 of the Federal Rules of Civil Procedure provides that parties may be added "on such terms as are just," and the Rule 15 amendment analysis also apples under Rule 21. *Id.* at *2.

3

*Long*, 2020 WL 476363, at *2 ("[A] motion to amend pursuant to Rule 15 can be used to add a plaintiff."); *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 393 (D.N.J. 1997) (holding that, following denial of class certification, a putative class action plaintiff could add parties to the pending lawsuit through Rule 15(a).)

And, of course, plaintiffs will oblige defendants in deposing any of the proposed additional named plaintiffs that they have not already deposed, and anyone else they wish to depose prior to class certification.

### b. **Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Sheriff Lawson and Captain Johnson Are Substituted as Defendants for (Former) Sheriff Eric Watson and Captain Gabe Thomas**

Rule 25(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name.

Fed. R. Civ. P. 25(d). In addition, a public officer sued in his individual capacity "remains a defendant as to any claims against the public officer in his or her individual capacity." *Myers v. Montgomery Cnty. Bd. of Comm'rs*, No. 3:18-cv-00409, 2019 WL 2373766, at *2 (S.D. Ohio June 5, 2019).

The proposed additional named defendants are those who, through operation of law, have succeeded Mr. Watson (formerly Sheriff) and Captain Thomas (formerly Captain of Corrections and now Captain of Support Services), and the claims of applicable class representatives and class members against Mr. Watson and Captain Thomas in their individual capacities remain.

Accordingly, plaintiffs respectfully request that the Court permit them to amend the complaint to acknowledge the substitution of Sheriff Lawson and Captain Johnson as set forth herein.

4

### c. Rule 15 Liberally Permits the Addition or Modification of Legal Theories

It is well-settled that post-discovery amendments to pleadings may reflect "new theories." *Hoff-Pierre v. Univ. Hosp., Inc.*, 523 F. App'x 313, 314 (6th Cir. 2013); *see Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) (stating a plaintiff may seek leave to amend to add a new theory); *Cherokee Metal Prods., Inc. v. MiTek USA, Inc.*, 2:19-CV-00101-JRG, 2020 WL 6993717, at *4 (E.D. Tenn. June 5, 2020) (granting motion to amend to add additional factual support for a claim and a new theory of liability); *Marlowe v. 29 Prime, Inc.*, No. 14-cv-00550-EDL, 2015 WL 12979142, at *1 (N.D. Cal. Aug. 10, 2015) (finding that motion to amend adding new legal theories was not prejudicial where it would not affect defendants' legal strategies).

In addition to the *Monell* bases expressly stated in the Complaint of (1) "illegal official policy or legislative enactment," (2) "failure to train or supervise," and (3) "existence of a custom of tolerance or acquiescence of federal rights violations," and references to patterns of prisoner mistreatment, the Proposed Amended Complaint makes express reference to: (1) "affirmative policy or custom" and "systemic conditions."

The specific "affirmative policy or custom" and or "systemic shortcomings" language—predicated on the above-listed concepts of municipal liability, those established in prior Sixth Circuit case law, and set forth in the Complaint—has developed in the Sixth Circuit's case law since the Complaint's filing, *see, e.g., Stewart v. Warren Cnty. Bd. of Comm'rs*, No. 19-3937, 2020 WL 4363377, at *7 n.4 (6th Cir. July 30, 2020); *Martin v. Warren Cnty., Ky.*, 799 F. App'x 329, 341 (6th Cir. Jan 22, 2020); *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 386 (6th Cir. 2018). Similarly, the "systemic conditions" language tracks the evidence as it has developed through discovery and is implicit in the language set forth in the Complaint.

While these formulations (1) are less "new theories" than re-phrasings of the causes of action alleged at the outset and advanced throughout this lawsuit (including in plaintiffs' interrogatory responses served in September 2019 and documents submitted in motion practice, *see, e.g.*, Pl.'s Resp. to Defs.' Mot. for Protective Order [48], at 2, 11-12; Reply to Resp. to Mot. to Compel Further Resp. to Subpoena by Non-Party QCHC, Inc. Pursuant to R. 45(d)(2)(B)(i) of the Fed. R. Civ. P. [62] 10, 11 & n.15, 13), and (2) track developments in the case law and evidence as it has developed, out of an abundance of caution and because the above-mentioned terms appear in the Proposed Amended Complaint, plaintiffs cite the above-captioned authority.

In any case, plaintiffs respectfully submit that (1) the language pertaining to legal theories set forth in the Proposed Amended Complaint is substantially similar to that set forth in the Complaint, (2) would require no additional or different discovery than that which has been (and will be) conducted, and (3) could not conceivably cause unfair prejudice to defendants or affect the legal strategies employed to date.

### d. **Rule 15(a) Permits the Addition of Facts Adduced During Discovery, and Rule 15(d) Permits the Supplementation of Pleadings Concerning New Events**

"Federal courts consistently grant motions to amend where it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings." *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148 (E.D.N.Y. 2007). In addition, "[u]pon motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As with the amendment of pleadings pursuant to Rule 15(a), supplementation of pleadings is to be freely given when justice so requires. *See Novatne v. Elrod*, No. 3:19-cv-00821, 2021 WL 1264554, at *4 (M.D. Tenn. Apr. 5, 2021); *see also Bromley v. Mich. Educ. Ass'n-NEA*,

6

Case 1:18-cv-00217-CHS   Document 84   Filed 05/17/21   Page 6 of 10   PageID #: 1121

178 F.R.D. 148, 153-54 (E.D. Mich. 1998) (noting that, under Sixth Circuit precedent, "the general rule liberally allows plaintiffs to allege new facts "which really are part of the original case" (internal quotation marks omitted)).

Given the Court's prior ruling, plaintiffs respectfully submit that (1) this amendment is not untimely, and also that (2) defendants have had complete notice of the additional facts alleged herein, (3) plaintiffs are not acting in bad faith or with any dilatory motive, (4) this is the first amendment, (5) there will be no prejudice to defendants, and (6) the addition of these facts is in no way futile. *See Bromley*, 178 F.R.D. at 154; *see also id.* ("Where the original pleading placed defendant on notice that the disputed conduct was of a continuing nature . . . the supplemental complaint should be allowed. . . . [because] the defendant is generally expected to defend against all claims arising out of that course of conduct—whether accruing before or after the original pleading was filed." (internal quotation marks omitted)).

Accordingly, plaintiffs respectfully request that the Court permit their amended pleading to contain additional facts that were (1) developed in discovery, and/or (2) occurred since the Complaint's filing. Plaintiffs have no opposition to any extension of time necessary for defendants to answer the Proposed Amended Complaint.

### e. <u>Plaintiffs May Add Classes and/or Modify the Class Definition</u>

"[P]rior to certification, plaintiffs may amend their class definition subject to the requirements of Federal Rule of Civil Procedure 15," and leave to do so "shall be freely granted" under the same standards as those set forth in Rule 15(a). *K.W. ex rel. Davis v. Rutherford Cty., Tenn.*, No. 3:17-CV-01014, 2019 WL 3231256, at *5 (M.D. Tenn. July 18, 2019).[2]

---

[2] After such time, the Court retains "significant discretion" to modify class definitions. *K.W. ex rel. Davis*, 2019 WL 3231256, at *5; *see also Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 462 (6th Cir. 2020) ("The district court has the power to amend the class definition at any time

7

For the same reasons already articulated by the Court, and as set forth above, plaintiffs respectfully request that the Court permit addition to and modification of the class definition set forth in the Complaint, including to seek certification of an additional prospective relief class related to certain conditions of confinement.

### III. CONCLUSION

For the reasons explained above, plaintiffs respectfully request that this Honorable Court permit them to (1) add as named plaintiffs and class representatives the following persons: (a) Randy Bacon, (b) the Estate of Christopher Brown, through personal representative Paula Rhea Brown, (c) the Estate of Martin Chouinard, through administrator *ad litem* April Hancock, (d) Sandra Culbertson, (e) the Estate of Denise Culpepper, through personal representative April Richard, (f) Laura Fuller, (g) Amanda Lennie, (h) Benjamin Newton Hannah, (i) Shelby Long, (j) Tera Miller, (k) Bryan Wampler, (l) Sharon Waters, (m) Chelsea Coulter, (n) Kendra Mickel, and (o) Zachary Guinn; (2) add as named defendants Sheriff Steve Lawson and Captain Jerry Johnson, in their official capacities; (3) expressly incorporate "affirmative policy or custom" and "systemic conditions" allegations of deliberate indifference and/or *Monell* liability; (4) add factual allegations concerning matters learned through discovery and that have occurred since the Class Action Complaint [1] ("Complaint") was filed; and (5) modify the existing class definition and assert an additional putative class related to conditions of confinement.

Dated: May 17, 2021.

Respectfully submitted,

By: /s/ C. Scott Johnson
C. Scott Johnson, BPR No. 019810
William J. Rieder, BPR No. 026551
Joseph Alan Jackson II, BPR No. 030203
Brian C. Bush, BPR No. 036513

---

before judgment."); *Elrod v. No Tax 4 Nash*, NO. 3:20-cv-00617, 2021 WL 1316703, at *5 (M.D. Tenn. Apr. 8, 2021) (ordering plaintiff to revise class definition as a condition of certification).

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400 | P. O. Box 1749
Chattanooga, TN 37401-1749
Telephone: (423) 756-7000
Facsimile: (423) 756-4801
csj@smrw.com
wjr@smrw.com
jaj@smrw.com
bcb@smrw.com

By: /s/ J. Allen Murphy, Jr.
J. Allen Murphy, Jr. BPR No. 019146
(admitted *pro hac vice*)
LAW FIRM OF J. ALLEN MURPHY, JR.
3555 Keith Street, Suite 213
Cleveland, TN 37312
Telephone: (423) 790-7310
Facsimile: (423) 790-7312
allen@jallenmurphy.com

*Attorneys for Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ Joseph Alan Jackson II