# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DARRELL EDEN, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 1:18-cv-00217-CHS<br>) |
| vs. | ) **CLASS ACTION**<br>)<br>) **COMPLAINT PURSUANT TO 42** |
| BRADLEY COUNTY, TENNESSEE; SHERIFF ERIC WATSON, in his official and individual capacities; CAPTAIN GABRIEL THOMAS, in his official and individual capacities; JOHN DOE, in his official and individual capacities; JANE DOE, in her official and individual capacities, | ) **U.S.C. 1983**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

Defendants Bradley County, Tennessee, Eric Watson and Gabriel Thomas, by and through counsel, pursuant to Rule 15 of the *Federal Rules of Civil Procedure*, file with the Court their Response and Opposition to Plaintiff's Motion to Amend [Doc. 84] as follows:

## PROCEDURAL HISTORY

As the Court knows, this case has a complicated and prolonged procedural history. Plaintiff filed his complaint [Doc. 1] on September 18, 2018. Defendants filed their answer [Doc. 27] on November 21, 2018. Thereafter, the Court conducted a scheduling conference with the parties and entered its first scheduling order [Doc. 33] on August 20, 2019. Importantly, and as the Court well knows, discovery in this case was to be conducted in phases. Phase I discovery relates to the issue of class certification and the Rule 23 requirements governing the same.

Plaintiff's original complaint includes 405 separate paragraphs and allegations. Plaintiff's complaint requests that the Court certify a class based on allegations of violations of the Eighth

Amendment as it relates to denied medical care to inmates confined in the Bradley County jail. Therefore, and for the purposes of Phase I discovery, the issues to be explored in furtherance of Rule 23 considerations related to the medical care and claims of constitutional deprivations of the same. In that respect, on more than one occasion, Plaintiff represented to the Court that the class action claim in this case was for claimed Eighth Amendment violations pertaining to medical care.

The Court amended the scheduling order on two (2) separate occasions: (1) on March 27, 2020 the Court entered its First Amended Scheduling Order [Doc. 57]; and (2) on May 3, 2021 the Court entered its Second Amended Scheduling Order [Doc. 83]. That having been said, the parties worked together to accommodate schedules and various disclosures in this case.

Importantly, the parties agreed to, and in fact did, make expert disclosures and exchange expert reports. The parties further agreed to and did complete experts depositions as follows:

(1) Dr. Lori Roscoe, December 3, 2020;

(2) Anthony Callisto, January 14, 2021;

(3) Dr. David Mathis, January 25, 2021; and

(4) Dr. Anthony Hayter, January 11, 2021.

Again, the issues in consideration for these experts relate to Rule 23 criteria relating to class action certification matters in the context of medical care wtihin the Bradley County jail.

On February 21, 2021, Plaintiff filed a motion to intervene [Doc. 72] and in so doing requested that two (2) parties, Avery Sharp and the Estate of Brandon Gash, be permitted to intervene in this case. The Court held a hearing on such motion on April 12, 2021 and again on April 26, 2021 and thereafter entered an order [Doc. 83] on May 3, 2021 granting such motion and further amending the scheduling order commensurate with the current posture of the case. The May 3, 2021 order permitted the parties to file motions seeking to amend the pleadings no later than May 17, 2021.

On May 17, 2021, at 11:12 p.m., Plaintiff filed the instant motion to amend [Doc. 84]. Defendants respectfully object to Plaintiff's motion to amend and pray that the same be denied as more fully set forth below.

## STANDARD OF REVIEW

The instant motion is governed by Rule 15 of the *Federal Rules of Civil Procedure*. In that respect, Defendants acknowledge that Rule 15(a)(2) states that "[T]he court should freely give leave [to amend] when justice so requires." However, Defendants further respectfully show that the foregoing does not create a right of amendment.

More specifically, the Court has discretion regarding the instant motion. In that respect, the Court shall consider multiple factors in determining whether or not the motion should be granted. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458-59 (6th Cir. 2001). See also, *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). Furthermore, when amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier. See, *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

The denial of a motion for leave to amend is reviewed for abuse of discretion, except to the extent that the decision is based on a legal conclusion that the amendment would not withstand a motion to dismiss. See, *Parry v. Mohawk Motors of Mich. Inc.,* 236 F.3d 299, 306 (6th Cir. 2000),

*cert. denied*, 533 U.S. 951 (2001); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986).

For the reasons set forth below, Plaintiff's motion to amend must be denied in applying the foregoing standards.

## ARGUMENT AND CITATION OF AUTHORITY

The issue of amending the complaint came early in this litigation with the Court making observations as to the limited number of class representatives included in the caption of the lawsuit. Thereafter, discussions were had regarding Plaintiff amending the Complaint to substitute parties and the Court, as well as the undersigned, continued with inquiries regarding amendment. There was no motion to amend until the current motion.

On April 26, 2021, the last hearing held in this matter, the issue of amending the pleadings came up again. The April 26th hearing related to a motion to intervene. The Court entered an order granting the motion and also establishing deadlines regarding Phase I of this case. The Court ordered that any and all amendments to the pleadings would have to be filed by May 17, 2021. In that respect, the Court even made reference to brevity of any new pleadings believed to be based on the lengthy original complaint filed by Plaintiff.

Late on May 17, 2021, the instant motion to amend was filed with a proposed amended complaint attached. [Doc. 84-1]. The proposed amended complaint includes new class representatives, 268 more paragraphs/allegations than the original complaint (original complaint has 405 paragraphs/allegations as compared to 673 in the proposed amended complaint), and newly identified defendants. Furthermore, the motion and proposed amended complaint, importantly, requests certification of an additional class related to conditions of confinement.

Discovery, pursuant to the Court's second amended scheduling order, expires August 27, 2021. Plaintiffs proposed amended complaint includes new theories, new fact allegations, new

putative parties and seeks certification of a newly identified class. Considering that this case has been pending since September 18, 2018, and considering the issue of amending the pleadings has been brought up on multiple occasions previously, Plaintiff has unduly delayed filing the instant motion and proposed amended complaint to the undue prejudice of Defendants.

Furthermore, and contrary to the Court's request, Plaintiff has now included 268 more paragraphs in the proposed amended complaint compared to the original complaint. The amended complaint does not simplify an already complicated case but rather complicates the same. The hearing on the motion to amend is July 1st and if the motion is granted, Defendants' response would be due shortly before the expiration of discovery and not long before the September 9, 2021 case management conference in which discussion regarding the procedure for class certification consideration will be discussed.

i. Lack of Timeliness in Identifying New Class Members

Plaintiff seeks to add sixteen (16) new putative class representatives. Plaintiff fails to state when he knew or reasonably expected that the foregoing were proper class representatives in support of his motion. Substantial discovery has taken place in this matter including depositions and the exchange of thousands of pages of documents. Despite that, Plaintiff took no action to amend his complaint to add these parties until, almost quite literally, the last minute.

Plaintiff's motion includes no reason for the timing of filing the instant motion but rather makes reference to what appears to be primarily boiler-plate case law on Rule 15 motions. Plaintiff does state that an accommodation for additional depositions would be agreeable, which although courteous and professional, is not what Defendants seek.

Furthermore, a majority of the newly identified class members were not timely identified and therefore not subject to consideration by Defendants' experts. Plaintiff is therefore changing

the structure and dynamic of this litigation at the very last minute without explanation as to why. In essence, the process is starting over. This causes undue prejudice to Defendants.

Therefore, Plaintiff's motion to add additional putative class representatives must be denied.

### ii. Addition or Modification of Legal Theories

Once again, Plaintiff offers no reasonable basis as to why the new and/or modified legal theories could not be raised until May 17, 2021. Again, Plaintiff's delay is not proper, will cause Defendant undue prejudice, and therefore Plaintiff's motion must be denied.

### iii. Modification of the Class Definition

On multiple occasions, it has been discussed that this case is based on claims of denied medical care. The discovery in this case has, for more than two (2) years, focused on the claim for class certification based on medical care. Defendants have obtained two (2) very specific experts to address and opine on those matters at great expense and expert reports were provided and depositions taken on the requested class.

Furthermore, the depositions of Plaintiff's experts were taken regarding issues of medical care. Plaintiff now asks the Court to allow it to pursue class certification on another matter, that being conditions of confinement. To allow Plaintiff at this late time to amend the complaint to add a class would be entirely inappropriate and cause substantial and undue prejudice to Defendants particularly considering that expert reports and disclosures have been made and that this case is scheduled to move forward into class certification considerations very soon.

Defendants have crafted discovery and strategy, including expert assistance, on issues of medical care. Interrogatories have been exchanged and answered and thousands of pages of documents exchanged. At this late stage in litigation, it would be improper to allow Plaintiff to

add a class claim on conditions of confinement, which would absolutely cause undue prejudice to Defendants. Therefore, Plaintiff's motion must be denied.

## CONCLUSION

Phase I discovery is coming to a close. The parties are in the process of finalizing discovery requests based on the claims of denied medical care and a request for class certification relating to the same. Allowing an amended complaint with 268 additional paragraphs, new theories, new parties and a proposed new class at this late juncture in the case is not proper. Although Plaintiff cites general case law regarding motions to amend, Plaintiff offers no basis or explanation for the late filing of the motion, provides no analysis or explanation for the conclusory statement that no harm will come to Defendants, and now seeks to change the complexion of the litigation to the detriment and unfair prejudice of Defendants. Accordingly, Plaintiff's motion to amend must be denied.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr.
Attorney for Defendants
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
bth@spicerfirm.com

## CERTIFICATE OF SERVICE

   I hereby certify that on this 18th day of June, 2021, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

   Joseph Alan Jackson, II
   C. Scott Johnson
   William J. Reider
   Spears, Moore, Rebman & Williams P.C.
   601 Market Street, Suite 400
   Chattanooga, TN 37402
   JAJ@smrw.com
   CSJ@smrw.com
   WJR@smrw.com

   J Allen Murphy, Jr.
   Law Office of J. Allen Murphy, Jr.
   3555 Keith Street NW, Suite 213
   Cleveland, TN 37312
   allen@jallenmurphy.com

          **SPICER RUDSTROM, PLLC**

          BY: /s/ B. Thomas Hickey, Jr.