| | |
|---|---|
| DARRELL EDEN; RANDY BACON; ESTATE OF CHRISTOPHER BROWN; through personal representative Paula Rhea Brown; ESTATE OF MARTIN CHOUINARD, through administrator *ad litem* April Hancock; SANDRA CULBERTSON; ESTATE OF DENISE CULPEPPER, through personal representative April Richard; LAURA FULLER; ESTATE OF BRANDON GASH, b/n/k Harry and Sheryl Gash; BENJAMIN NEWTON HANNAH; KRIS HOLDER; AMANDA LENNIE; SHELBY LONG; TERA MILLER; BRYAN WAMPLER; and SHARON WATERS, on behalf of themselves and all others similarly situated; and AVERY L. SHARP; CHELSEA COULTER; KENDRA MICKEL; and ZACHARY GUINN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BRADLEY COUNTY, TENNESSEE; SHERIFF STEVE LAWSON, in his official capacity; CAPTAIN JERRY JOHNSON, JR., in his official capacity; ERIC WATSON, in his individual capacity; and CAPTAIN GABRIEL THOMAS, in his individual capacity, <br><br> Defendants. | Case No.: 1:18-cv-217-CHS <br><br> **CLASS ACTION** <br><br> **COMPLAINT PURSUANT TO 42 U.S.C. 1983** <br><br> **DEMAND FOR JURY TRIAL** |

**AGREED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING CLASSES FOR SETTLEMENT PURPOSES, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, APPROVING AND DIRECTING ISSUANCE OF CLASS NOTICE, APPOINTING SPECIAL MASTER, AND SCHEDULING A FINAL FAIRNESS HEARING**

Pending before the Court is the Parties' Joint Motion for Order Preliminarily Approving Class Action Settlement, Preliminarily Certifying Classes for Settlement Purposes, Appointing Class Representatives, Appointing Class Counsel, Approving and Directing the Issuance of Class Notice, Appointing Special Master, and Scheduling a Final Fairness Hearing ("Joint Motion for Preliminary Approval") [106].[1]

In the Joint Motion for Preliminary Approval, the Parties request that the Court do the following things: (1) preliminarily approve the proposed class action settlement, (2) preliminarily certify the Classes for settlement purposes; (3) appoint Plaintiffs as Class Representatives; (4) appoint C. Scott Johnson, William J. Rieder, and Joseph Alan Jackson II, of Spears, Moore, Rebman & Williams, P.C., and J. Allen Murphy, Jr., of the Law Firm of J. Allen Murphy, Jr., as lead counsel for the Classes; (5) approve and direct notice to the Classes by the Settlement Administrator;[2] (6) appoint Jeffrey W. Rufolo, Esq. to serve as Special Master to conduct the Claims Process; and (7) schedule a final fairness hearing. (*See* Joint Mot. for Prelim. Approval 2-3.)

The Court has reviewed the Joint Motion for Preliminary Approval [Doc. 106], the Memorandum in support of such motion (the "Memorandum") [Doc. 107], the Settlement Agreement and Release ("Settlement Agreement"), and all exhibits thereto and makes the following findings:

---

[1] The Joint Motion for Preliminary Approval is supported by the Memorandum in Support of Joint Motion for Order Preliminarily Approving Class Action Settlement, Preliminarily Certifying Classes for Settlement Purposes, Appointing Class Representatives, Appointing Class Counsel, Approving and Directing the Issuance of Class Notice, Appointing Special Master, and Scheduling a Final Fairness Hearing ("Memorandum") [107]. Unless otherwise specified, all terms defined in the Settlement Agreement appearing herein shall have the meanings as defined in the Settlement Agreement.

[2] The Settlement Administrator is Settlement Services, Inc. ("Settlement Services"), which has been retained contingent on entry of the Preliminary Approval Order to perform the services specified in the Settlement Agreement.

1. The Parties joined in the Joint Motion for Preliminary Approval and seek approval of the relief requested therein. As defined in the Settlement Agreement, the Parties are as follows: Darrell Eden; Randy Bacon; the Estate of Christopher Brown, through personal representative Paula Rhea Brown; the Estate of Martin Chouinard, through administrator *ad litem* April Hancock; Sandra Culbertson; the Estate of Denise Culpepper, through personal representative April Richard; Laura Fuller; the Estate of Brandon Gash, by next of kin Harry and Sheryl Gash; Benjamin Newton Hannah; Kris Holder; Amanda Lennie; Shelby Long; Tera Miller; Bryan Wampler; Sharon Waters; Avery L. Sharp; Chelsea Coulter; Kendra Mickel; and Zachary Guinn, on behalf of themselves and of all members of the Damages Class and Injunctive Relief Class ("Plaintiffs"), and (2) Defendants, Bradley County, Tennessee ("Bradley County"); Sheriff Steve Lawson, in his official capacity; Captain Jerry Johnson, Jr., in his official capacity; Eric Watson, in his individual capacity; and Captain Gabriel Thomas, in his individual capacity ("Defendants").

2. In essence, Plaintiffs allege that, during the Damages Class Period: (1) Bradley County has knowingly maintained a system of inmate health care at the Bradley County Jail (the "Jail") that falls below the constitutional minimum, which has subjected (and continues to subject) all inmates to a substantial risk of serious harm; (2) this constitutionally deficient system of health care has, in fact, resulted in Eighth and/or Fourteenth Amendment injuries to them and to an unknown number of additional inmates (and putative Class Members); and (3) all such injuries are attributable to affirmative policies or customs of (a) Bradley County and (b) those entities whose affirmative policies or customs Plaintiffs allege are imputable to it, *viz.*, the BCSO and the contract medical service providers ("CMSPs," specifically Quality Correctional Health Care, Inc. ("QCHC") and Fast Access Correctional Healthcare ("Fast Access")), that have

rendered health care to inmates pursuant to contracts with Bradley County during the Damages Class Period.

3. On December 20, 2021, the Court ordered the Parties to mediation. (*See* Scheduling Order for Mediation & Class Certification Briefing [98].) The Parties retained the Mediator (Shelby R. Grubbs, J.D., FCIArb, of JAMS), who oversaw and guided the mediation process over the next (approximately) ten (10) months. (*See* Mediator's Report [102].) During that time, the Parties participated in two in-person mediation sessions (on February 24, 2022, and July 28, 2022) and engaged in intense negotiations through additional in-person meetings, telephonic communications, and the exchange of documents and correspondence. Putative Class Counsel and Defendants' Counsel affirmatively represent and attest that the Settlement Agreement is the result of arm's-length negotiation under the guidance and direction of the Mediator. In February 2022, the Parties reached a tentative agreement regarding many of the material and significant terms of the injunctive relief sought by the putative Injunctive Relief Class, and, in October 2022, reached a tentative agreement regarding many of the material and significant terms of the relief sought by the putative Damages Class. Thereafter, the Parties negotiated the precise language of the Settlement Agreement and made provision for the infrastructure necessary to conduct the Settlement Administration process, including the engagement of: (1) Settlement Services to conduct Settlement Administration (including execution of the proposed Notice Plan and processing of Damages Class Claim Forms); and (2) Jeffrey W. Rufolo to serve as Special Master in conducting the Claims Process (as part of Settlement Administration). The Settlement Agreement provides for the certification of two classes: the Injunctive Relief Class and the Damages Class.

4. For purposes of settlement only: (a) C. Scott Johnson, William J. Rieder, and Joseph Alan Jackson II, of Spears, Moore, Rebman & Williams, P.C., and J. Allen Murphy, Jr., of the Law Firm of J. Allen Murphy, Jr., are **APPOINTED** as lead counsel for the Classes; and (b) the Named Plaintiffs are **APPOINTED** Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Named Plaintiffs will adequately protect the interests of the Classes defined below. In particular, the Court finds that Class Counsel have handled complex federal court litigation in other class action cases and in cases involving civil rights, and specifically including class action litigation against these Defendants related to Bradley County's policies pertaining to medical care at the Jail. Class Counsel's filings reflect their diligence and expertise.

5. The Court has analyzed the Parties' request for preliminary approval of the settlement pursuant to both Rule 23(e) of the Federal Rules of Civil Procedure and the factors identified by the Sixth Circuit for such preliminary approval of class action settlements and, subject to further consideration at the Final Approval Hearing, preliminarily **APPROVES** that settlement as fair, reasonable, and adequate as to the Damages Class and Injunctive Relief Class (collectively, the "Classes"), defined below:

    a. **The Damages Class**: all persons who, during the Damages Class Period, (a) were inmates at the Jail (*i.e.*, were under arrest and had been or were being transported to the Jail in the custody of the BCSO (but not any other law enforcement agency)), and (b) during their period of confinement, suffered from an obvious or diagnosed medical condition (or conditions) and either (i) received no medical care for said condition (or conditions) or (ii) despite any medical attention received, suffered a worsening of said condition (or conditions) and/or unnecessary pain, suffering, or discomfort.

    b. **The Injunctive Relief Class**: all persons who, as of the date that the Preliminary Approval Order is entered, are, or in the future will be, confined at the Jail.

6. Specifically, subject to the Fairness Hearing to be held by this Court as described below, and solely within the context of and for purposes of settlement only, the Court preliminarily finds that:

   a. the Classes satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure (*i.e.*, that (i) their membership is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to each Class; (iii) the claims of the Class Representatives are typical of the claims of the members of the Classes; and (iv) the Class Representatives will fairly and adequately protect the interests of the members of the Classes);

   b. The Damages Class satisfies the additional requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure (*i.e.*, that (i) questions of law or fact common to class members predominate over any questions affecting only individual members; (ii) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy; and (iii) class membership is sufficiently ascertainable by reference to objective criteria); and

   c. The Injunctive Relief Class satisfies the additional requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants have acted or refused to act on grounds that apply generally to that class, and final injunctive relief or corresponding declaratory relief is appropriate respecting that class as a whole.

7. The Court further preliminarily finds that the Settlement Agreement provides the Damages Class and Injunctive Relief Class with appropriate relief, including (i) significant money damages and (ii) forward-looking injunctive relief that will improve the quality of medical care rendered to inmates at the Jail. The Court notes that these findings are preliminary and subject

to further filings and considerations and shall not be considered final until the Court conducts a fairness hearing and issues a final approval order. Pursuant to the Settlement Agreement, and if finally approved by the Court, Defendants agree to total financial payments of three million, eight hundred thousand dollars ($3,800,000.00), directed as follows, and consistent with the schedule and timing of the creation of the relevant bank accounts and funding of same pursuant to section 13 of the Settlement Agreement:

a. a Damages Allocation in the sum of two million one hundred thirty thousand six hundred thirteen dollars and fifty-seven cents ($2,130,613.57);

b. Settlement Administration Funds in the amount of four hundred five thousand dollars ($405,000.00), of which two hundred five thousand ($205,000.00) shall be designated for payment to Settlement Services, and two hundred thousand ($200,000.00) shall be designated for Special Master Fees[3];

c. subject to Court review and approval following submission of an appropriate motion, a maximum award of attorney fees to Class Counsel of one million one hundred forty thousand dollars ($1,140,000.00); and

d. subject to Court review and approval following submission of an appropriate motion, a maximum award to Class Counsel for costs and expenses incurred in prosecuting this lawsuit of one hundred twenty-four thousand three hundred eighty-six dollars and forty-three cents ($124,386.43).

---

[3] If the Special Master expends less than the maximum $200,000.00 available for Special Master Fees, the remainder (over the $50,000.00 minimum provided for Special Master Fees), and following the Court's review and approval of the amount requested for payment by the Special Master, the difference shall be added to the Damages Allocation for payment of Incentive Awards and Approved Damages Claims.

8. The Court further preliminarily finds that the proposed method for allocating and distributing relief to the Damages Class described in sections 7 and 8 of the Settlement Agreement (including the award of Incentive Payments to Named Plaintiffs), and prescribed in Exhibit 5 to the Settlement Agreement (the Damages Claim Schedule) is fair and equitable and satisfies the requirements of Rule 23(e)(2)(c)(ii) and (e)(2)(D) of the Federal Rules of Civil Procedure and extant Sixth Circuit case law and incorporates the terms thereof into this Order. In connection herewith, the Court also **APPROVES** the Damages Class Claim Form submitted with the Settlement Agreement as Exhibit 1.

9. The Court further preliminarily finds that Jeffrey W. Rufolo, Esq., is qualified to serve as Special Master in administering the Claims Process referenced above and described in section 7 of the Settlement Agreement, in conformity with that section and the Damages Claim Schedule, in conjunction with the Settlement Administrator and Class Counsel, and as more specifically directed *infra* as part of this Order.

10. The Court further preliminarily finds that the Settlement Agreement provides the Injunctive Relief Class with appropriate injunctive relief, which the Court finds complies with the strictures set forth in 18 United States Code section 3626(a)(1)(A), as it is (a) specific and limited in scope, (b) directly related to the specific constitutional violations alleged, (c) preserves Bradley County and/or the BCSO's control over the use of the additional funds allocated, and (d) has no effect on general operations of law enforcement or Jail administration. Specifically, if the Settlement Agreement is approved after the Fairness Hearing, an injunction will be entered as follows:

> As soon as is reasonably practicable, but in no event later than July 1, 2023 (*i.e.*, the commencement of Fiscal Year 2024, as Bradley County marks fiscal years between June 30 and July 1), Bradley County will for a period of at least two (2) years maintain the previously adopted $275,000.00 increase in the budget

for medical staffing at the Jail over and above the amount budgeted for the Jail in 2021 (which amount was $1,210,707.00, and which, as of August 3, 2022, was increased to and currently is $1,532,028.21). Bradley County will consult with Class Counsel regarding the manner in which that additional $275,000.00 amount will be expended; provided, however, that the final authority regarding medical staffing and the allocation of any funding regarding the same will remain with the Bradley County Sheriff. At the conclusion of the first contract year between Bradley County and its CMSP in which the additional amount contemplated above has been approved and expended, Class Counsel and Bradley County will consult, in good faith, and agree upon a consultant qualified to assess Bradley County and the CMSP's compliance with the section of the relevant contract requiring adherence to Tennessee Corrections Institute, American Correctional Association and National Commission on Correctional Health Care requirements, if any. Bradley County agrees to pay up to $30,000.00 for the consultant to conduct that assessment. The agreed-upon consultant will conduct the contemplated assessment, which will be confined to the first contract year between Bradley County and its CMSP following the expenditure of the amount contemplated above. A copy of the assessment will be shared with Class Counsel.

In addition, the Final Approval Order will include with it the following monitoring provision by Class Counsel:

Class Counsel will monitor Bradley County's compliance with the Injunction for a period of two years from the date of entry of the Final Approval Order. Bradley County agrees to furnish Class Counsel with budget documents sufficient to permit them to evaluate compliance with the Injunction. If Class Counsel believes in good faith that Bradley County is violating the terms of same, Class Counsel shall provide written notice to and inform counsel for Bradley County of the basis for that belief, and the parties shall make all reasonable attempts to resolve the issue prior to Class Counsel seeking relief from the Court.

11. For these reasons, the Court preliminarily finds, subject to (a) consideration of any objections filed by Class Members in conformity with the terms of section 6(d) of the Settlement Agreement and section 19 of the Class Notice, (b) argument presented at the Fairness Hearing, and (c) any other information appropriately provided to this Court, that the Settlement Agreement is fair, reasonable, and adequate to all concerned.

12. Pursuant to Rules 23(c)(2)(B) and (e)(1), and based on its review of the Memorandum and exhibits submitted in connection therewith, the Court finds that the proposed Class Notice is sufficient and complies with Rule 23(c)(2)(B)(i)-(vii), as it includes (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). In addition, the Notice sets forth: (a) the date of the Fairness Hearing; (b) a description of the proposed settlement; (c) the deadline for submitting objections to the settlement and the information that must be contained in any objection and the information that must be contained in any objection; (d) information about how to obtain a copy of the Settlement Agreement; (e) the information that must be contained in any objection; and (f) contact information for all counsel to the case, along with directions to contact Class Counsel if they have any questions.

13. In addition, the Court finds that the proposed Notice Plan is the best notice practicable under the circumstances for purposes of Rule 23(c)(2)(B), as it provides the following mechanisms of dissemination and/or publication:

   a. the creation of the Website, which includes an intuitive, easy to remember domain name (*i.e.*, bradleycountyjailsettlement.com) that (1) contains (a) the Class Notice, (b) Damages Class Claim Forms, (c) an FAQ page, (d) contact information for the Settlement Administrator (through email, U.S. Mail, and telephonic support), (e) instructions for requesting exclusion and objecting to the settlement, (f) relevant deadlines, and (g) other case-related information; and (2) presents claimants with the ability to file and submit

Corroborating Medical Evidence online or via U.S. Mail (and instructions concerning same);

b. two publications of a print publication notice in the CLEVELAND DAILY BANNER (with a circulation of approximately 6,000 three times per each week of insertion), as well as banner notices on its website;

c. an internet notice campaign distributed both in Bradley County, Tennessee, and more broadly across the State of Tennessee displaying banner notices on the Google Display Network and social media sites Facebook, Instagram, Twitter, and Snapchat, which link directly to the Website, and which will generate an estimated 49,000,000 impressions;

d. a radio campaign including thirty-second radio spots purchased to run in the Chattanooga, Tennessee market (encompassing Bradley County) on seven to eight local stations (with an estimated total of 400+ spots to run over a two-week period);

e. placement of approximately seventeen separate outdoor billboards in a variety of locations in Bradley County, Tennessee, for a period of approximately four weeks, which will generate approximately 1,900,000 weekly impressions;

f. sponsored search listings in Tennessee through Google, Yahoo!, and Bing, which will direct relevant internet searches to the Website;

g. a party-neutral informational release issued over PR Newswire to approximately seventy-nine (79) print, broadcast, and online outlets, including local newspapers, magazines, wire services, websites, and television and radio broadcast media across Tennessee; and

h. a toll-free telephone number that will present to callers (a) an introductory message, (b) options to learn more about the settlement in the form of recorded answers to FAQs, (c) the ability to request that a Notice and Claim Form Package be mailed to them via U.S.

Mail, and (d) during normal business hours, the option to speak to a live operator and receive individualized answers and direction.[4]

14. Contingent upon the entry of this preliminary approval order, the Parties have contracted with Settlement Services to serve as the Settlement Administrator as that term is defined in the Settlement Agreement, to perform the functions described therein, and the Court preliminarily approves the Parties' retention of same for that purpose at the agreed-upon price of $205,000.

15. Pursuant to 28 United States Code section 1715, Defendants are obligated to serve upon the Attorney General of the State of Tennessee, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

16. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Classes for settlement purposes nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

For the reasons stated herein, the Motion for Preliminary Approval [Doc. 106] is **GRANTED** in whole, and it is hereby **ORDERED** as follows:

1. The Settlement Agreement is preliminarily approved subject to the Court's conducting of a Fairness Hearing;

2. The Court preliminarily **APPROVES** the proposed settlement as fair, reasonable, and adequate as to the Classes (defined as set forth herein) so as to warrant giving notice of the proposed settlement to the Classes pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

---

[4] All notice documents will prominently display the toll-free telephone number.

3. Jeffrey W. Rufolo, Esq., is **APPOINTED** Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure for the reasons set forth in the Memorandum and subject to the terms set forth therein, in the Settlement Agreement, and in the Damages Claim Schedule, which are specifically incorporated herein;

4. The Fairness Hearing to consider whether the Settlement Agreement shall be finally approved is hereby set for **Friday, April 5, 2024 at 10:00 a.m.**;

5. The Parties' proposed Class Notice, attached to the Settlement Agreement as Exhibit 3 and incorporated by reference herein, is **APPROVED**;

6. The proposed Notice Plan, as described in the Settlement Agreement, Memorandum, and, as otherwise described herein, constitutes the best notice practicable under the circumstances and is **APPROVED**;

7. Defendants are to serve upon the Attorney General of the State of Tennessee, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law; and

8. The Parties are to ensure, pursuant to their Agreement with the Settlement Administrator, that the Class Notice is distributed in conformity with Notice Plan set forth in section 6 of the Settlement Agreement, incorporated by reference herein, and must certify with the Court, in a manner it directs, that the Notice Plan has been implemented in conformity with those requirements.

**SO ORDERED, THIS 29th DAY OF NOVEMBER, 2023.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE