| | |
|---|---|
| DARRELL EDEN; RANDY BACON; ESTATE OF CHRISTOPHER BROWN; through personal representative Paula Rhea Brown; ESTATE OF MARTIN CHOUINARD, through administrator *ad litem* April Hancock; SANDRA CULBERTSON; ESTATE OF DENISE CULPEPPER, through personal representative April Richard; LAURA FULLER; ESTATE OF BRANDON GASH, b/n/k Harry and Sheryl Gash; BENJAMIN NEWTON HANNAH; KRIS HOLDER; AMANDA LENNIE; SHELBY LONG; TERA MILLER; BRYAN WAMPLER; and SHARON WATERS, on behalf of themselves and all others similarly situated; and AVERY L. SHARP; CHELSEA COULTER; KENDRA MICKEL; and ZACHARY GUINN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRADLEY COUNTY, TENNESSEE; SHERIFF STEVE LAWSON, in his official capacity; CAPTAIN JERRY JOHNSON, JR., in his official capacity; ERIC WATSON, in his individual capacity; and CAPTAIN GABRIEL THOMAS, in his individual capacity,<br><br>    Defendants. | Case No.: 1:18-cv-217-CHS<br><br>**CLASS ACTION**<br><br>COMPLAINT PURSUANT TO 42 U.S.C. 1983 |

## AGREED ORDER APPROVING CLASS ACTION SETTLEMENT

Pending before this Court are the Parties' Joint Motion for Final Approval of Class Action Settlement Agreement ("Motion for Final Approval") [Doc. 116] and supporting memorandum of law [Doc. 117]. Those filings are based on the Settlement Agreement and Release ("Settlement

Agreement") [Doc. 107-1],[1] executed by the Parties on June 15, 2023, and June 22, 2023, respectively, which is incorporated in its entirety by reference.

In the Motion for Final Approval, the Parties request that the Court give final approval to the Settlement Agreement, certify the Classes for purposes of settlement only, enter an injunction on behalf of the Injunctive Relief Class, grant Incentive Awards in the amount of $5,000.00 per Named Plaintiff / Class Representative, and dismiss this lawsuit with prejudice.[2]

On April 5, 2024, the Court conducted a Fairness Hearing with regard to the Motion for Final Approval and, for the reasons explained herein, will **GRANT** the relief requested. The Court makes the following findings of fact and conclusions of law and enters the orders set forth below.

I. **Background of Litigation**

On September 18, 2018, plaintiff Darrell Eden filed the initial lawsuit in this Court as a proposed class action (Case No. 1:18-cv-217) against Defendants: (a) Bradley County; (b) then-Sheriff Eric Watson of the Bradley County Sheriff's Office ("BCSO"), in his official and individual capacities; (c) Captain Gabriel Thomas of the BCSO, in his official and individual capacities; and (d) "John and Jane Doe" BCSO corrections deputies, in their official and individual capacities. (*See* Class Action Complaint [Doc. 1].) On July 23, 2021, plaintiff Darrell Eden and the additional Named Plaintiffs listed above filed the First Amended and Supplemental Class Action Complaint [Doc. 92] ("Amended Complaint"), against Bradley County, Sheriff Steve

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Settlement Agreement and Release.

[2] Also pending before the Court are Plaintiffs' Unopposed Motion for Attorney's Fees and Costs Pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure [Doc. 114] and supporting memorandum of law [Doc. 115] ("Fee and Cost Motion"), and the Court has contemporaneously entered a separate order relative to the Fee and Cost Motion.

Lawson (in his official capacity), Captain Jerry Johnson (in his official capacity), Eric Watson (in his individual capacity), and Captain Gabriel Thomas (in his individual capacity).[3]

Proceeding pursuant to 28 United States Code section 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, Named Plaintiffs allege that, during the Damages Class Period, Bradley County has knowingly maintained a system of inmate health care at the Bradley County Jail (the "Jail") that falls below the constitutional minimum, which has subjected (and continues to subject) all inmates to a substantial risk of serious harm. In addition, Named Plaintiffs allege that this constitutionally deficient system of health care has, in fact, resulted in Eighth and/or Fourteenth Amendment injuries to them and to an unknown number of additional inmates (and putative Class Members), and that all such injuries are attributable to affirmative policies or customs of: (1) Bradley County; and (2) those entities whose affirmative policies or customs they allege are imputable to it, *viz.*: (a) the BCSO; and (b) Quality Correctional Health Care, Inc. ("QCHC") and Fast Access Correctional Healthcare, PLLC ("Fast Access"), the CMSPs that have rendered health care to inmates pursuant to contracts with Bradley County during the Damages Class Period.[4]

## II. Preliminary Approval of Settlement Agreement

1. On June 28, 2023, the Parties filed the Joint Motion for Order Preliminarily Approving Class Action Settlement, Preliminarily Certifying Classes for Settlement Purposes, Appointing Class Representatives, Appointing Class Counsel, Approving and Directing the Issuance of Class

---

[3] As noted in the Amended Complaint, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, with respect to claims against them in their official capacities, Sheriff Lawson and Captain Jerry Johnson are successors of former Sheriff Watson and Captain Gabriel Thomas and were automatically substituted for them as parties. (*See* Am. Compl. 10 n.5.) In the Amended Complaint, Named Plaintiffs abandoned their claims against the John and Jane Doe defendants.

[4] Named Plaintiffs and the putative Classes also allege state law causes of action pursuant to Tennessee Code Annotated sections 8-8-302 and 8-8-303 (specifically for willful and wanton conduct and/or gross negligence) and for punitive damages.

Notice, Appointing Special Master, and Scheduling a Final Fairness Hearing ("Joint Motion for Preliminary Approval") [Doc. 106] and supporting memorandum [Doc. 107], asking the Court to preliminarily approve the Settlement Agreement executed by the Parties.

2. After a hearing on November 16, 2023, the Court entered an Order dated November 29, 2023 [Doc. 113] ("Preliminary Approval Order"): (1) preliminarily approving the settlement consistent with Federal Rule of Civil Procedure 23; (2) ordering that Class Notice be disseminated pursuant to the Notice Plan; (3) scheduling a Final Approval Hearing on April 5, 2024 at 10:00 a.m.; and (4) providing the Classes with an opportunity either to participate in the settlement, exclude themselves from it, or object to it.

3. Pursuant to Federal Rule of Civil Procedure 23(e), the Court entered the Preliminary Approval Order as the initial step in the process of approving this class action settlement.

4. The Court found then, and finds now, that the Notice and the Notice Plan were appropriate and comported with the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (1) the Notice includes (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3); and (2) sets forth: (a) the date of the Fairness Hearing; (b) a description of the proposed settlement; (c) the deadline for submitting objections to the settlement and the information that must be contained in any objection and the information that must be contained in any objection; (d) information about how to obtain a copy of the Settlement Agreement; (e) the information that must be contained in any objection; and (f) contact information for all counsel to the case,

along with directions to contact Class Counsel with questions. (*See* Class Notice [Doc. 117-1].)

### III. Final Approval of Notice and Fairness Hearing

5. The Court finds that the Notice approved and ordered in the Preliminary Approval Order: (1) was distributed consistent with, and met all applicable requirements of, the Court's orders, the applicable case law, and the requirements of Rule 23 of the Federal Rules of Civil Procedure; (2) constituted notice that was reasonably calculated under the circumstances to apprise the members of the Classes of the pendency of the Litigation, their right to object or exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; and (3) constituted the best notice practicable under the circumstances for purposes of Rule 23(c)(2)(B). Based on the 28 U.S.C. § 1746 Declaration of Mark Patton ("Patton Declaration") [Doc. 117-2] submitted as Exhibit 2 to the memorandum in support of the Motion for Final Approval, the Court finds that the following steps were taken consistent with the Preliminary Approval Order:

   a. The Settlement Administrator caused to be opened the Settlement Administration Account, and Defendants caused to be transferred into the Settlement Administration Account the Settlement Administration Funds;

   b. The Settlement Administrator implemented the Notice Plan described in section 13 of the Preliminary Approval Order;

   c. The Settlement Administrator and Special Master commenced the Claims Process as described in section 9 of the Preliminary Approval Order (and section 7 of the Settlement Agreement);

d. Defendants commenced implementation of the injunctive relief described in section 10 of the Preliminary Approval Order;

e. Defendants properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 United States Code section 1715, which notice and accompanying materials satisfy the requirements of CAFA;

f. Pursuant to the Notice, the requirements of Federal Rule of Civil Procedure 23(e)(2), and applicable case law, the Court conducted the Fairness Hearing at 10:00 a.m. on April 5, 2024 to determine whether it should grant final approval to the settlement agreement proposing: (i) certification and monetary relief for the Damages Class pursuant to Federal Rule of Civil Procedure 23(b)(3); and (ii) certification and injunctive relief for the Injunctive Relief Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

**IV. Settlement Agreement Resulted from Arm's-Length Negotiation**

6. On December 20, 2021, the Court ordered the Parties to mediation. (*See* Scheduling Order for Mediation & Class Certification Briefing [Doc. 98].) The Parties retained the Mediator (Shelby R. Grubbs, J.D., FCIArb, of JAMS), who oversaw and guided the mediation process over the next approximately ten months. (*See* Mediator's Report [Doc. 102].) During that time, the Parties participated in two in-person mediation sessions (on February 24, 2022, and July 28, 2022) and engaged in intense negotiations through additional in-person meetings, telephonic communications, and the exchange of documents and correspondence. Class Counsel and Defendants' Counsel affirmatively represent and attest that the Settlement Agreement is the result of arm's-length negotiation under the guidance and direction of the

6

Case 1:18-cv-00217-CHS    Document 119    Filed 05/20/24    Page 6 of 19    PageID #: 2161

Mediator. In February 2022, the Parties reached a tentative agreement regarding many of the material and significant terms of the injunctive relief sought by the Injunctive Relief Class, and, in October 2022, reached a tentative agreement regarding many of the material and significant terms of the relief sought by the Damages Class.

Thereafter, the Parties negotiated the precise language of the Settlement Agreement and made provision for the infrastructure necessary to conduct the Settlement Administration process, including the engagement of: (1) Settlement Services, Inc. ("Settlement Services") to conduct Settlement Administration (including execution of the proposed Notice Plan and processing of Damages Class Claim Forms); and (2) Attorney Jeffrey W. Rufolo to serve as Special Master in conducting the Claims Process (as part of Settlement Administration).

7. The Court further notes that these proceedings have been pending for approximately five-and-a-half years, and that, during that time, the Parties have exchanged tens of thousands of pages of documents and conducted dozens of fact and expert witness depositions.

8. Based on the entire record in this cause and the Fairness Hearing, the Court concludes that the Settlement Agreement was the result of an arm's-length negotiation between experienced counsel for the Parties and that it was *not* the product of collusion, overreaching, or fraud.

V. **Final Class Certification**

9. The Court now affirms its prior "conditional" certification of the Classes, gives final approval to the Settlement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes.

10. Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, the Classes are certified for settlement purposes, the Court finding that they satisfy the applicable requirements of those rules. The Classes are defined as follows:

a. **The Damages Class**: all persons who, during the Damages Class Period: (a) were inmates at the Jail (*i.e.*, were under arrest and had been or were being transported to the Jail in the custody of the BCSO (but not any other law enforcement agency)); and (b) during their period of confinement, suffered from an obvious or diagnosed medical condition (or conditions) and either: (i) received no medical care for said condition (or conditions); or (ii) despite any medical attention received, suffered a worsening of said condition (or conditions) and/or unnecessary pain, suffering, or discomfort.

b. **The Injunctive Relief Class**: all persons who, as of the date that the Preliminary Approval Order is entered, are, or in the future will be, confined at the Jail.

VI. Final Settlement Agreement Approval

11. No objections to the Settlement Agreement were submitted either in accordance with the Notice or otherwise.

12. The Court finds that the Settlement Agreement provides the Damages Class and Injunctive Relief Class with appropriate relief sought, including significant money damages.

13. The Court also finds that the Settlement Agreement provides the Injunctive Relief Class with appropriate injunctive relief, which is more particularly described below.

14. For those reasons, the Court finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate, and in the best interests of each of the Parties, including the Named Plaintiffs and Classes.

15. The Parties are hereby **DIRECTED** to implement and consummate the Settlement Agreement according to its terms and provisions, and the Settlement Agreement is fully and finally **APPROVED** as fair, reasonable, and adequate, and in the best interests of each of the Parties and Classes.

**VII. Adequacy of Class Counsel and Class Representatives**

16. The Court finds that Class Counsel and the Class Representatives have fully and adequately represented the Classes for purposes of entering into and implementing the terms of the Settlement Agreement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**VIII. Approval of Class Notice and Settlement Administration and Claims Process**

17. The Court finds that all notice requirements have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that:

   a. The Notice Plan constituted the best notice practicable under the circumstances for purposes of Rule 23(c)(2)(B);

   b. The Class Notice was reasonably calculated under the circumstances to apprise the members of the Classes of: (i) the nature and pendency of the Litigation; (ii) the definitions of the classes certified; (iii) the class claims, issues, or defenses; (iv) the right of putative class members to appear through counsel; (v) the right of class members to object to the settlement and the right of Damages Class Members to seek exclusion, and the deadlines, procedures, and necessary contents for same; (vi) the date of the Fairness Hearing; (vii) a description of the proposed settlement and information on how to obtain a copy of the Settlement Agreement; (viii) the binding effect of a class judgment on class members under Rule 23(c)(3); (ix) contact information for all counsel to the case and directions to contact Class Counsel with questions. (*See* Class Notice).

   c. The Class Notice was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. The Class Notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Federal Rule of Civil Procedure 23(c)(2) and (e)), and, more generally, the requirements of due process.

18. The Court finally approves the Settlement Administration process, Claims Process, and plan of allocation described in the Settlement Agreement as fair, reasonable, and adequate, and in the best interests of each of the Parties, the Named Plaintiffs, and the Classes. The Court finds that the Claims Process, including all notice requirements and follow-up procedures, has been implemented pursuant to and consistent with the Settlement Agreement and the Preliminary Approval Order.

19. The terms of the Settlement Agreement and this Final Approval Order and the accompanying Final Judgment are binding on the Parties, the Class Representatives, and all members of the Classes (whether or not they filed claims or receive a negative determination), as well as their heirs, executors, administrators, successors, and assigns, and those terms have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent that those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Litigation and/or are encompassed by the Release set forth in section 10 of the Settlement Agreement.

20. The Class Representatives and all members of the Classes (whether or not they filed claims) as well as their heirs, executors, and administrators, successors and assigns, as further and fully defined in section 2(ddd) of the Settlement Agreement (*i.e.*, the "Releasing Parties") shall be bound by the Release provided in the Settlement Agreement, including but not limited to section 10, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement. The Release is effective as of the

date of entry of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all terms defined in the Settlement Agreement, including, but not limited to, the definition of Released Parties and Releasing Parties.

21. The Releasing Parties are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on, arising out of, or relating to the claims and causes of action in this Litigation and/or the Released Claims; or (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on or arising out of, the claims and causes of action or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims, except that nothing herein shall be construed to preclude any person or party from bringing any claim for: (i) damages against any Defendant for injuries occurring after the Damages Class Period (*i.e.*, following the expiration of the Claims Deadline); or (ii) injunctive or declaratory relief once the monitoring provision described in section 9 of the Settlement Agreement and herein has expired.

22. The Court further orders that all recipients of monies pursuant to this Settlement do so pursuant to all obligations they may have under Medicare, Medicaid, TennCare, and/or any other applicable program. As part of the Settlement, such persons shall be solely responsible to pay any and all subrogation liens, including any Medicare or Medicaid lien, TennCare lien, or any other subrogation or other liens existing in favor of any entity, person, medical care facility,

government, or governmental entity. The receipt of any monies by any Damages Class Member (or Authorized Person) in this action shall be contingent upon his or her cooperation with Class Counsel and any measures Class Counsel reasonably determines, in consultation with the Court, are necessary to satisfy any settlement reporting requirements required by Medicare, Medicaid, TennCare, or any other governmental program that has a statutory "secondary payor" subrogation right.

### IX. Injunctive Relief

23. The Court finds that the issuance of the injunctive relief described herein is necessary and appropriate in aid of the Court's jurisdiction over the Litigation and to protect and effectuate the Court's Final Approval Order and Final Judgment.

24. As soon as is reasonably practicable, but in no event later than July 1, 2023 (i.e., the commencement of Fiscal Year 2024, as Bradley County marks fiscal years between June 30 and July 1), Bradley County will for a period of at least two (2) years maintain the previously adopted $275,000.00 increase in the budget for medical staffing at the Jail over and above the amount budgeted for the Jail in 2021 (which such amount was $1,210,707.00, and which, as of August 3, 2022, was increased to and currently is $1,532,028.21). Bradley County will consult with Class Counsel regarding the manner in which that additional $275,000.00 amount will be expended; provided, however, that the final authority regarding medical staffing and the allocation of any funding regarding the same will remain with the Bradley County Sheriff. At the conclusion of the first contract year between Bradley County and its CMSP in which the additional amount contemplated above has been approved and expended, Class Counsel and Bradley County will consult, in good faith, and agree upon a consultant qualified to assess Bradley County and the CMSP's compliance with the section of the relevant contract requiring

adherence to Tennessee Corrections Institute, American Correctional Association and National Commission on Correctional Health Care requirements, if any. Bradley County agrees to pay up to $30,000.00 for the consultant to conduct that assessment. The agreed-upon consultant will conduct the contemplated assessment, which will be confined to the first contract year between Bradley County and its CMSP following the expenditure of the amount contemplated above. A copy of the assessment will be shared with Class Counsel. On or before **August 15, 2024**, the Parties shall notify the Court of the agreed-upon consultant and any other information it may request pertaining to this aspect of the Injunctive Relief awarded.

25. Class Counsel will monitor Bradley County's compliance with the Permanent Injunction for a period of two years from the date of entry of the Final Approval Order. Bradley County agrees to furnish Class Counsel with budget documents sufficient to permit them to evaluate compliance with the Injunction. If Class Counsel believes in good faith that Bradley County is violating the terms of same, Class Counsel shall provide written notice to and inform counsel for Bradley County of the basis for that belief, and the parties shall make all reasonable attempts to resolve the issue prior to Class Counsel seeking relief from the Court.

26. The Court finds that the Injunctive Relief described in the Settlement Agreement provides the Injunctive Relief Class with appropriate injunctive relief, also described hereinabove.

27. The Court finds that the Injunctive Relief complies with the strictures set forth in 18 United States Code section 3626(a)(1)(A), as it is: (a) specific and limited in scope; (b) directly related to the specific constitutional violations alleged; (c) preserves Bradley County and/or the BCSO's control over the use of the additional funds allocated; and (d) has no effect on general operations of law enforcement or Jail administration.

### X. Attorney's Fees and Expenses and Incentive Awards

28. Pursuant to the Court's separate Order, Class Counsel has been awarded: (i) attorney's fees in the sum of one million, one hundred forty thousand dollars and 00/100 ($1,140,000.00); and (ii) reimbursement of their costs and expenses in the sum of one hundred twenty thousand and forty-six dollars and thirteen cents ($120,046.13). In addition, the Court hereby awards Class Representatives Incentive Awards in the amount of $5,000.00 each.

29. Attorney's fees and costs and expenses shall be paid by Defendants to the Settlement Administrator in accordance with the terms and conditions set forth in the Settlement agreement, *viz.*, not later than seven (7) calendar days following the Effective Date.

### XI. Completion of Claims Process and Class Payments Following Same

30. To the extent that the actions described herein have not been completed as of the date this Order is entered, the Court **DIRECTS** the Parties, Special Master, and Settlement Administrator to take the following actions:

    a. Not later than seven (7) days following the Effective Date, the Settlement Administrator shall open the Damages Class Account as set forth in section 13(c) of the Settlement Agreement;

    b. Not later than three (3) business days following the later of the Effective date or confirmation that the Damages Class Account has been opened, whichever is later, Defendants shall (with the Settlement Administrator) cause to be transferred into the Damages Class Account two million one hundred thirty thousand, six hundred thirteen dollars and fifty-seven cents ($2,157,563.57) as that number will be increased to reflect the reduction in costs requested and awarded;

c. Promptly upon completing the Claims Process, the Special Master shall submit to the Settlement Administrator and Class Counsel:

  i. the records of time spent and expenses incurred as set forth in this Section;

  ii. A list, categorized by Approved Claimants, of (a) all Approved Damages Claims (*i.e.*, Individual Damages Awards, Individual Death Awards, and Approved Feinberg Elections) and (b) the amount awarded for each;

  iii. The aggregate amount of all Individual Damages Awards, *i.e.*, the Aggregate Damages Award;

  iv. The aggregate amount of all Individual Death Awards, *i.e.*, the Aggregate Death Award; and

  v. The aggregate amount of all Approved Feinberg Elections, *i.e.*, the Aggregate Feinberg Elections.

d. The Special Master shall simultaneously (*i.e.*, promptly upon completing the Claims Process) submit his records and claimed Special Master Fees to the Court, which may approve or modify those fees;

e. Not later than three (3) business days after the Court's approval or modification of the Special Master Fees, the Settlement Administrator shall cause to be transferred from the Settlement Administration Account from the amount earmarked for Special Master Fees (i) the approved Special Master Fees to the Special Master, and (ii) the remainder to the Damages Class Account (*i.e.*, any excess over $50,000.00 but under $200,000.00), which amount shall be the First Adjusted Damages Allocation;

f. Not later than twenty (20) days following both (a) the Court's approval or modification of the Special Master Fees and (b) receipt of the information from the Special Master

15

described in section 7(y) of the Settlement Agreement, the Settlement Administrator and Class Counsel, shall apply the addition formulae set forth in Section 8 of the Settlement Agreement to determine Final Payment Amounts;

g. Promptly upon determining Final Payment Amounts, the Settlement Administrator shall provide to the Court, Class Counsel, and Defendants' Counsel in an accessible format those amounts and, with respect to negative determinations, the summarized reasons for same provided by the Special Master;

h. The Court may approve and adopt the Special Master's findings or request such additional records and materials from the Special Master as it deems appropriate in reviewing and approving or modifying order such other proceedings as it deems necessary with respect to one or more Final Payment Amounts or negative Damages Claims Determinations;

i. Not later than seven (7) business days following the Court's review and final approval (or modification) of Final Payment Amounts as contemplated in section 8(g) of the Settlement Agreement, the Settlement Administrator shall commence making payments via check delivered through United States Postal Service First-Class Mail to the addresses designated by Approved Claimants, unless other arrangements are specifically made between an Approved Claimant and the Settlement Administrator, after consultation with Class Counsel,[5] except that, with respect to those Class Members who are identified as having "secondary-payor" obligations of the type contemplated *supra* Paragraph 22, such payments shall *not* be made until the Court has

---

[5] With respect to any Damages Claim or Feinberg Election for which the Special Master renders a receive a negative determination, the Settlement Administrator shall transmit to the claimant the reasons provided by the Special Master for the negative determination.

determined (based on submissions from Class Counsel) that the amounts are authorized to be paid, either in full or as reduced in conformity with the requirements of Medicare, Medicaid, TennCare, or any other applicable program with a statutory "secondary-payor" right;

j. If, at the time payments are to be disbursed as described above, any Final Payment Amount remains subject to any dispute contemplated in Section 12 of the Settlement Agreement, the Settlement Administrator shall hold that amount and only disburse same upon the resolution of that dispute; and

k. If a check to a Class Member entitled to payment pursuant to the terms of the Settlement Agreement is not cashed within three months of its mailing, the Settlement Administrator shall hold the funds for three additional (3) months, during which time it shall make reasonable efforts to contact the person to whom the uncashed check was written to make arrangements for its cashing or reissuance. Any such funds not cashed by a Class Member within such additional three (3) month period shall be forfeited by the Class Member. In that event, Settlement Administrator shall maintain those funds and notify Class Counsel, who shall promptly notify Defendants' Counsel for instruction as to their disbursement.

31. Notwithstanding and without affecting the timing and sequence of the directives contemplated in section 30 of this Order, *supra*, the Court shall hold a status conference to discuss the progress of the Settlement Administration and Claims Processes on **June 20, 2024, at 2:00 p.m.** in a manner to be directed by the Court (*e.g.*, in-person conference or teleconference).

**XII.  Enforcement and Modification of Settlement Agreement**

32. Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

33. The Parties are hereby authorized, without requiring further approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order and do not limit the rights of the Class Members under the Settlement Agreement.

**XIII.  Retention of Jurisdiction**

34. The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment.

35. The Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purposes, including, without limitation:

    a. Enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Litigation that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order, or the Final Judgment (including, without limitation, whether (i) a person or entity is or is not a member of the Classes and (ii) claims or causes of action allegedly related to this case are or are not barred by this Final Approval Order and the Final Judgment);

    b. Performing any of the functions reserved to the Court under the Settlement Agreement or this Order, including, but not limited to: (i) enforcing the Injunctive Relief described

*supra* in section IX; (ii) performing the final review of the Special Master's determinations as contemplated in the Settlement Agreement and *supra* in paragraphs 30(g)-(i); (iii) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining the Releasing Parties from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this Settlement; and

c. entering any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction.

### XIV. Dismissal of Litigation

36. This Litigation, including, but not limited to, all individual and Class claims resolved in it, is dismissed on the merits and with prejudice against Defendants, including but not limited to the Class Representatives, the Named Plaintiffs, and all other members of the Classes (whether or not they filed claims), without fees or costs to any party or non-party except as otherwise provided in this Order and Final Judgment.

### XV. Entry of Separate Judgment Pursuant to Rule 58 of the Federal Rules of Civil Procedure

37. The Court will separately enter the accompanying Final Judgment, which is intended to be substantially and materially consistent with this Final Approval Order and the terms of the Settlement Agreement, and in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE